**BANKERS TRUST COMPANY, as Executor of the Will of Harriet Delta Ellis, Deceased, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 67, Docket 26169.

United States Court of Appeals Second Circuit.

Argued Nov. 1, 1960.

Decided Dec. 12, 1960.

S. Hazard Gillespie, Jr., U. S. Atty. for Southern District of New York, New York City, Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel, for defendant-appellant.

Sullivan, Donovan, Hanrahan, McGovern & Lane, New York City, Richard P. Donovan, New York City, of counsel, for plaintiff-appellee.

Before HAND, SWAN and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

This is an action by the executor of the will of Harriet Delta Ellis to recover an alleged overpayment of the decedent's estate tax. She died in April 1953 leaving a gross estate valued in excess of $5,000,000, and her executor filed an estate tax return reporting a net tax of more than $1,900,000. Included in the assets of the decedent's estate were United States Treasury bonds having par value of $475,000 at the date of her death but a market value $26,965.62 less than par on that date. These bonds had a redemption value of par if applied by the executor in payment of decedent's federal estate tax. In determining the estate tax the bonds were valued at par.[1] The present action sought recovery of $13,-968.20 plus interest as the alleged overpayment of tax attributable to excess valuation of the Treasury bonds. The facts being undisputed each party moved for summary judgment. In an opinion reported in 178 F.Supp. 267, the district court held that the bonds should have been valued at market price, and granted plaintiff's motion. Defendant's appeal raises only one question, namely, whether in determining the estate tax the bonds should be valued at par or at their market value on the date of decedent's death.

Section 811 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811, provides that the value of the gross estate of the decedent shall include "the value at the

---

1. Two of the bonds, each of the face value of $100,000, were actually applied by the executor in partial payment of the estate tax. A footnote in appellee's brief states that the others were retained by the executor and their market value rose above par.

time of his death of all property * * * to the extent of the interest therein of the decedent at the time of his death."

Pertinent provisions of Treasury Regulations 105, § 81.10 are reproduced below.[2] The district court held that the logical application of these regulations entitled the plaintiff to value the bonds at their market value on the date of the decedent's death. We disagree. To so hold disregards, in our opinion, the provision in paragraph (a) that "All relevant facts and elements of value as of the applicable valuation date should be considered *in every case*" [italics added], and also disregards subdivisions 6 and 7 of paragraph (c).

Ordinarily, of course, the Wall Street quotations of any particular class of bonds reflect the price at which the bonds "would change hands between a willing buyer and a willing seller." In the sale of Treasury bonds of the class here involved the market quotation reflects the "elements of value" due to the fact that when the holder dies his executor may use the bonds at par value as a credit against his estate tax. But obviously such sales do not reflect the full value of such a bond to the estate of the particular holder whose death establishes the valuation date. Such a bond quoted in the market at less than par is clearly now worth par in the hands of the decedent's executor. Indeed, the plaintiff applied two of the bonds at par value in partial payment of the large estate tax owed to the Government, and the others might have been so applied.

We see no merit in the theory that it would be impracticable to differentiate between estates in one of which, as here, all the bonds could have been so applied, and another in which none or only some of the bonds could be so used. Where the bonds cannot be so used, their value to the estate is their market price, whether that be below or above par; where they can be so used, their value is at least par. Cf. Guggenheim v. Rasquin, 312 U.S. 254, 257, 61 S.Ct. 507, 509, 85 L.Ed. 813, where the court said: "* * * an important element in the value of the property [fully paid life insurance] is the use to which it may be put." See Collins v. Commissioner, 1 Cir., 216 F.2d 519, which involved a different class of bonds but inferentially at least supports the appellant's contention. We think the rationale of the stock option cases also in point. Wilson v. Bowers, 2 Cir., 57 F.2d 682; Lomb v. Sugden, 2 Cir., 82 F.2d 166; May v. McGowan, 2 Cir., 194 F.2d 396. Cases relied upon by the appellee are distinguishable. Estate of Matthews, 3 T.C. 525; Claire Giannini Hoffman, 2 T.C. 1160, affirmed sub nom. Giannini v. Commissioner, 9 Cir., 148 F.2d 285, certiorari denied 326 U.S. 730, 66 S.Ct. 38, 90 L.Ed. 434; Baltimore National Bank v. United States, D.C. Md., 136 F.Supp. 642. They properly place emphasis upon the fact that the options did not become effective until after

---

2. "(a) General. The value of every item of property includible in the gross estate is the fair market value thereof at the time of the decedent's death; * * * The fair market value is the price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell. * * * All relevant facts and elements of value as of the applicable valuation date should be considered in every case. * * *

"(c) Stocks and bonds. (1) The value of stocks and bonds, within the meaning of the Internal Revenue Code, is the fair market value per share or bond on the applicable valuation date. * * *

"(6) If actual sales or bona fide bid and asked prices are not available, then, in the case of corporate or other bonds, the value is to be arrived at by giving consideration to the soundness of the security, the interest yield, the date of maturity, and other relevant factors * * *

"(7) In cases in which it is established that the value per bond or share of any security determined on the basis of selling or bid and asked prices as provided in this paragraph does not reflect the fair market value thereof, then some reasonable modification of such basis or other relevant facts and elements of value shall be considered in determining fair market value."

the decedent's death, and therefore did not affect the value of the property at the moment of his death.

Judgment reversed and cause remanded with directions to grant appellant's motion for summary judgment.