In the Matter of the Estate of CHARLES L. BEHM, Deceased. STATE TAX COMMISSION, Appellant; MARION L. BEHM et al., as Executors of CHARLES L. BEHM, Deceased, Respondents.

Fourth Department, July 1, 1963.

*Edward H. Best, M. Leonard Shapero, Francis Kelliher* and *Vincent P. Molineaux* for appellant.

*Clarence Z. Spriggs* for respondents.

*Per Curiam.* The sole question involved in this appeal by the State Tax Commission from an order of the Surrogate's Court is the fixing of the estate tax, pursuant to article 10-C of the Tax Law, on certain United States Treasury Bonds with a par value of $50,000 at the market value at decedent's death of $41,906.25. The bonds were transferred by the executor and accepted at par by the Treasury Department in payment of the Federal estate tax under the authority of section 6312 of the Internal Revenue Code. That section provides: " (a). General rule. It shall be lawful for the Secretary or his delegate to receive, at par with an adjustment for accrued interest, Treasury bills, notes and certificates of indebtedness issued by the United

States in payment of any internal revenue taxes, or in payment for internal revenue stamps, to the extent and under the conditions provided in regulations prescribed by the Secretary or his delegate." In section 81.10 of regulation 105 of the United States Treasury Regulations (Code of Fed. Reg., tit. 26, § 81.10) regulations are set down for determining the value of bonds which are included in the gross estate. At subdivision (c) it states: "Stocks and bonds. (1) The value of stocks and bonds, within the meaning of the Internal Revenue Code, is the fair market value per share or bond on the applicable valuation date * * * (7) In cases in which it is established that the value per bond or share of any security determined on a basis of selling or bid and asked prices as provided in this paragraph does not reflect the fair market value thereof, then some reasonable modification of such basis or other relevant facts and elements of value shall be considered in determining fair market value." The main thrust of the Surrogate's opinion is that the New York State Tax Law contains no provision requiring consideration of "other relevant facts and elements of value". Absent such a provision the Surrogate urges that no doctrine of conformity or principle of law requires the Tax Commission to include in the gross value of the estate the bonds at any value other than market value at the date of death.

The position of the Treasury Department is summed up in the following quotation from *Bankers Trust Co.* v. *United States* (284 F. 2d 537, 538, cert. denied 366 U. S. 903) where the court said: "In the sale of Treasury bonds of the class here involved the market quotation reflects the ' *elements of value* ' *due to the fact that when the holder dies his executor may use the bonds at par value as a credit against his estate tax.* But obviously such sales do not reflect the full value of such a bond to the estate of the particular holder whose death establishes the valuation date. Such a bond quoted in the market at less than par *is clearly now worth par in the hands of the decedent's executor.*" (Emphasis supplied.)

The State's policy of conforming its method of valuation to the Federal regulation was definitely established in *Matter of Russell* (294 N. Y. 99, 103). The Court of Appeals there stated that it was the established legislative policy of the State to conform to the Federal Estate Tax Law "for the purpose of maintaining uniformity of administration of the Tax Law which the Legislature has sought to achieve. (*Matter of Cregan,* 275 N. Y. 337, 341; *Matter of Weiden,* 263 N. Y. 107, 110; *Matter of Pratt,* 289 N. Y. 621.)" (Also, see, *Matter of Rogers,* 269 App. Div. 551, affd. 296 N. Y. 676.)

The doctrine of conformity adopted by our Court of Appeals was reiterated and reconfirmed in *Matter of Marx* v. *Bragalini* (6 N Y 2d 322) which, although it involved income tax rather than estate tax, applied the same principle. On page 331 Judge FULD commented that the New York Personal Income Tax Law was drawn from the Federal Income Tax Law, '' and no good reason has been advanced for adopting a different meaning of that term for New York State income tax purposes than has been adopted and consistently applied from the beginning in the construction of the Federal statute.'' Section 249-r of the Tax Law was modeled after the corresponding provisions of the Federal statute, and, as contended by the appellant, is practically identical with them. (See *Matter of Harbord*, 305 N. Y. 622.)

This whole question is now academic as to all estates coming into existence since April 1, 1963 which involve this problem for the New York Tax Law was amended by chapter 1013 of the Laws of 1962, effective April 1, 1963, which amendment specifically provides that the gross value of an estate shall be determined for purposes of tax as determined by the Federal Government, unless it is shown by a preponderance that the Federal computation is clearly erroneous. The doctrine of conformity heretofore expressed by the Court of Appeals has now become the law of this State by statutory mandate.

The reasoning urged by the appellant seems so compatible with the realities of the situation that, there being no rule of law against achieving it, it naturally follows that it should be adopted. What better evidence of value can there be of an asset of an estate than the price which the estate's representative secures for the property, in this case the bonds? The executor extinguished a $50,000 obligation to the United States Treasury Department by the transfer of these bonds and it would not seem unrealistic to require the executor to respond to the State of New York for the same value in determining the gross estate under section 249-r of the State Tax Law. The order should be reversed and the bonds in question valued at their par value.

BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ., concur.

Order unanimously reversed, without costs of this appeal to any party.