IN RE ESTATE OF YOUNG.

(No. 96306—Decided January 4, 1968.)

Probate Court of Summit County.

*Messrs. Brouse, McDowell, May, Bierce & Wortman* and *Mr. David G. Clark,* for the estate.

*Mr. William B. Saxbe,* attorney general, and *Mr. W. Robinson Watters,* for Department of Taxation.

KOPLIN, J. This cause came on to be heard on "exceptions to determination of inheritance tax." The issue involves the interpretation of Section 5731.32, Revised Code.

The estate in its application to determination of inheritance tax listed as assets United States Treasury Bonds valued at $324,187.50, that being the value on the date of death as set forth in the inventory in the estate. The Tax Commissioner is of the opinion that the value of these United States Treasury Bonds, at par or face value, is $390,000.00. The question presented then is at what figure shall these United States Treasury Bonds be valued in order to determine the Ohio Inheritanc Tax involved?

Section 5731.01 (F), Revised Code, is as follows:

" 'Value' and 'actual market value' of any succession mean the price at which the property included therein would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. All relevant facts and elements of value as of the valuation date shall be considered in determining such value."
* * *

Section 5731.02, Revised Code, sets forth the scope of taxation and provides for the levy of tax and what successions are subject to tax.

The agreed statement of facts stipulates that the Treasury Bonds in question are Government Bonds, due November 15, 1998; that each bond carries a face value; and that the face value of these bonds equals $390,000; and that $390,000 is therefore available for the payment of federal estate taxes in this estate by virtue of the agreement on the part of the United States Government to accept such bonds at such value or par value in pay-

ment of estate taxes. The sole question, therefore, remaining to be answered is whether under the section quoted and related sections, these bonds have a market value of $324,187.50 or $390,000?

In determining the actual market value, we, of course, look first to the definition of market value, which would indicate a willing buyer and a willing seller, neither party being under any compulsion to buy or to sell. However, both parties have a reasonable knowledge of relevant facts pertaining to the subject matter; in this instance, the United States Treasury Bonds.

Generally speaking, the market value of assets are what a willing buyer and a willing seller desiring to purchase, but not being compelled to purchase, and desiring to sell and not being compelled to sell, would agree as to the price; hence, the result of actual market value.

One of the relevant facts that must be considered is that the estate has the right and privilege to use these Treasury Bonds in a manner that would reflect credit to it in the amount of $390,000 rather than selling on the open market where no privilege or right exists as to the use of these bonds at a higher figure.

This court is of the opinion that there are two markets available as far as the estate of the decedent is concerned; that it is a relevant fact to be considered in valuing these Treasury Bonds; that they can be used, and therefore should be used at their higher value in cancelling or eliminating the debt owed to the United States Government as a debt of the estate.

This market place being available to the estate, it should be so used and having so used the Treasury Bonds, does have the effect of increasing the value of the succession; the succession having been increased, the tax to the higher value of succession will be applied.

It is therefore the order and finding of this court that in determining the succession tax of the within cause, the value of the United States Treasury Bonds shall be at the par or face value of $390,000.

Exceptions to estate.