In re Estate of Hart, Deceased.

(No. 274013—Decided August 16, 1971.)

Common Pleas Court of Hamilton County, Probate Division.

*Messrs. Brumleve, DeCamp & Wood* and *Mr. Gordon F. DeFosset*, for Genevieve H. Pennington, executrix.
*Mr. William J. Brown*, attorney general, *Mr. David S. Bloomfield* and *Mr. James M. Guthrie*, for Tax Commissioner.

DAVIES, J.   Genevieve H. Pennington, as executrix of the estate of Genevieve P. Hart, deceased, has filed exceptions to the determination of an additional estate tax by the Ohio Tax Commissioner in the amount of $4,333.21, which exceptions read as follows:

"The undersigned, executrix of this estate, takes exception to the determination of additional estate tax by the Tax Commissioner in the amount of $4,333.21, which determination was made on April 26, 1971.

"This additional tax arose by reason of two items in the estate tax return.   No. 1, the Tax Commissioner included as part of the gross estate $30,320.00 as taxable under schedule D in said return as a transfer in contemplation of death.   It is respectfully submitted that this transfer was not in contemplation of death and has been so found by the auditor of the Federal Estate Tax Return. No. 2, the additional assessment was also made by reason of the valuing of $100,000.00 of U. S. Treasury Bonds, due 2/15/60, at a face value when in fact the market value on the date of death was $71,687.50.

"Your applicant executrix requests a hearing on these

exceptions pursuant to R. C. 5731.30, and that notice thereof shall be mailed to the Tax Commissioner."

The attorneys of record for the Ohio Department of Taxation and for Genevieve H. Pennington, executrix, have stipulated and agreed that the facts upon which the issues are drawn, relative to the finding of the Tax Commissioner, and the exceptions thereto filed by the executrix, are as follows:

1. Genevieve P. Hart, aged 71 years, died May 22, 1969, a resident of 3660 Willowlea Court, Cincinnati, Ohio.

2. On June 9, 1969, Genevieve H. Pennington of 308 Tri-State Building, Cincinnati, Ohio, was appointed executrix of said decedent's estate by the Probate Division, Court of Common Pleas, Hamilton County, Ohio, and is now and has been qualified and acting as said executrix.

3. Among the assets of decedent's estate were certain U. S. Treasury Bonds, 3½% of 1990, enumerated as item 2, Schedule H of the Ohio Estate Tax Return. The face or par value of such bonds was $100,000 and the market value at date of death was $71,687.50.

4. Total taxable estate and tax thereon as calculated by the executrix:

| | |
|---|---|
| Other Assets | $513,869.00 |
| Value of U. S. Treasury Bonds on date of death | $ 71,687.50 |
| Total Gross Estate | $585,556.50 |
| Debts and Exemptions | 42,652.62 |
| Taxable Estate | $542,903.88 |
| Tax Calculation | $ 23,600.00 |
| Plus 7% of excess | 3,003.27 |
| over $500,000 | $ 26,603.27 |

5. Total taxable estate and tax thereon as claimed by Ohio Department of Taxation:

| | |
|---|---|
| Other Assets | $513,869.00 |
| Par Value of U. S. Treasury Bond | 100,000.00 |
| Total Gross Estate | $613,869.00 |
| Debts and Exemptions | 42,652.62 |
| Taxable Estate | $571,216.38 |
| Tax Calculation | $ 23,600.00 |
| Plus 7% of excess over $500,000 | |
| Tax due as claimed by Ohio Department of Taxation | $ 4,333.21 |

6. Genevieve H. Pennington, as executrix of the estate of Genevieve P. Hart, paid to the Internal Revenue Service a portion of the applicable federal estate taxes by submitting all of the U. S. Treasury Bonds listed in Schedule H of the Ohio Estate Tax Return.

7. On April 26, 1971, Robert J. Kosydar, Tax Commissioner of Ohio, acting pursuant to R. C. 5731.26, determined in the estate of Genevieve P. Hart an additional amount of tax due of $4,333.21.

8. From the above determination, the executrix, pursuant to R. C. 5731.27 and 5731.30, filed exceptions in the Probate Division, Court of Common Pleas, Hamilton County, Ohio.

The difference in the total taxable property as reflected by paragraphs 4 and 5 is due solely to the difference between the market value and the face or par value of the United States Treasury Bonds existing at the time of the decedent's death.

The question for determination by this court may be stated as follows:

Should the United States Treasury Bonds in question be valued for Ohio estate tax purposes at par ($100,000) or at the market value ($71,687.50) when such bonds were redeemed by the United States Government at par ($100,-000) in payment of the federal estate tax liability?

The regulations under which the bonds enumerated in the exceptions were issued provide that any of the bonds which upon the death of the owner constitute part of his estate, may be redeemed at the option of the duly constituted representative of the deceased owner's estate at par and accrued interest to the date of payment, provided, (a) that the bonds were actually owned by the decedent at the time of his death, and (b) that the Secretary of the Treasury be authorized to apply the entire proceeds of redemption to the payment of Federal estate taxes.

Effective July 1, 1968, the General Assembly of Ohio, in R. C. Chapter 5731, provided for an estate tax upon the transfer of a decedent's taxable estate and in R. C. 5731.01 provided, in part, as follows: "(A) The 'value of the gross estate' of the decedent shall include, * * * the value, on the date of the decedent's death, of all property, real or personal, tangible or intangible, wherever situated, except real property situated and tangible personal property having an actual situs outside of this state," and "(B) The value of any property included in the gross estate shall be the price at which such property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts. All relevant facts and elements of value as of the valuation date shall be considered in determining such value."

In the case of In re: Rosenfeld's Estate, 42 Cal. Rptr. 447, 308 P. 2d 783, the Supreme Court of California, in a proceeding on objection to a report of the state inheritance tax appraiser who valued United States treasury bonds redeemable at face value because they were used in payment of federal estate taxes at face value, held that United States treasury bonds that are redeemable at par value by an executor in payment of federal estate taxes must be appraised, for purpose of determining California inheritance tax, not at the price quoted in the over-the-counter bond market on the date of decedent's death, but at par value to the extent the bond can be used to pay federal estate taxes. The court, page 448, commented as fol-

lows: "Section 13951 of the Revenue and Taxation Code requires that property subject to the inheritance tax be appraised at its market value as of the date of death; and regulations prescribed by the State Controller provide that in the case of stocks or bonds which have a market on a stock exchange, in an over-the-counter market, or otherwise, the market value per share or bond will be deemed to be the mean between the highest and lowest quoted selling prices on the date of the transferor's death, * * *. The regulations further provide, however: 'In any case in which it is established that the value per share or bond on the basis of selling or bid and asked prices does not reflect the market value of a security, other relevant facts and elements of value will also be considered in determining its market value.'" The court reasoned that "it is common knowledge that one of the chief reasons for the purchase of the type of bond here involved is the advantageous marketability at the death of the holder, the United States Government having created an additional market for the bonds in which the estate of the holder is assured of an opportunity to obtain par value to the extent there is federal estate tax liability that may be extinguished by their surrender. To some extent, this advantageous marketability is reflected in the over-the-counter market quotations; but, as pointed out in the *Bankers Trust Company* case, * * *, 284 F. 2d 537, 538, sales in the open market do not reflect the full value of such bonds in the estate of a holder whose death has made them redeemable at par value if they are used to extinguish federal estate tax liability. This fact constitutes a 'relevant fact and element of value' which must be considered in determining the market value of the bonds. * * *. Where a right to a benefit becomes fixed as of the date of death but the amount thereof cannot be determined until a later date, to ignore the amount of the benefit as it later develops would necessarily be to ignore the existence of the right on the date of death. Since the federal estate tax cannot ordinarily be computed at the time of death, it is generally unknown at that time how many of the bonds will be redeemable at par value; but

when the determination is subsequently made, it relates back to the time of death. * * *."

Treasury bonds in decedent's estate, which were available for payment of estate taxes at par value and were so used, were properly valued for estate tax purposes at par or face value, rather than lesser quoted market value. *Candler* v. *United States of America*, 303 F. 2d 439. Where United States treasury bonds were credited at par value toward the payment of the federal estate tax, the par value of such bonds must be used in determining the decedent's gross estate. *In re: Behm's Estate*, 14 N. Y. 2d 826.

The case of *Bankers Trust Company* v. *United States*, 284 F. 2d 537, involved an action to recover an alleged over-payment of estate tax on the theory that United States treasury bonds, forming a part of the estate and having a market value lower than par at the date of death, should have been valued at market rather than par value for estate tax purposes. The court held that "where certain United States treasury bonds forming a part of estate and having a market value lower than par on the date of death could be used at par value as a credit against estate tax, such bonds had to be valued at par rather than the lower market price in determining their value for estate tax purposes." In determining that the bonds should be valued at par, the court, page 538, stated that "ordinarily, of course, the Wall Street quotations of any particular class of bonds reflect the price at which the bonds 'would change hands between a willing buyer and a willing seller.' In the sale of treasury bonds of the class here involved the market quotation reflects the 'elements of value' due to the fact that when the holder dies his executor may use the bonds at par value as a credit against his estate tax. But obviously such sales do not reflect the full value of such a bond to the estate of the particular holder whose death establishes the valuation date. Such a bond quoted in the market at less than par is clearly now worth par in the hands of the decedent's executor. Indeed, the plaintiff applied two of the bonds at par value in partial payment of the large estate tax owed to the government, and the others might have been so ap-

plied. We see no merit in the theory that it would be impracticable to differentiate between estates in one of which, as here, all the bonds could have been so applied, and another in which none or only some of the bonds could be so used. Where the bonds cannot be so used, their value to the estate is their market price, whether that be below or above par; where they can be so used, their value is at least par. * * *.''

In the unreported case of *Estate of Young* v. *Tax Commissioner of Ohio*, decided on July 24, 1968, the Court of Appeals of the Ohio Ninth Judicial District considered a case concerning a question involving the appraisal of United States treasury bonds in the estate of a decedent for Ohio inheritance tax purposes. The court held that the said bonds which were redeemable at par value by the fiduciary in payment of the federal estate taxes should be appraised, for the purposes of determining the Ohio inheritance taxes, at par value rather than at the lesser price quoted for the bonds on the New York bond market as of the date of the death of the decedent. The court stated that ''while the definition of 'actual market value' given by the Ohio Legislature (R. C. 5731.01, * * *) uses the familiar terms of 'willing buyer and a willing seller' and 'neither being under any compulsion to buy or sell,' the statute supplements these legislative guide posts by also providing that, in determining the actual market value, 'all relevant facts and elements of value' as of the date of death shall be taken into consideration. This language becomes of importance here because, while the bonds had a value of only 83-⅛ per cent of par on the open stock and bond market, their actual value to the estate for the compulsory federal inheritance tax was their par value and not 83-⅛ percent of par. Are these values 'relevant facts and elements of value' which must be considered in determining the 'actual market value?' In the judgment of the members of this court, these facts must be considered. We are of the opinion that, while open market quotations must be considered, they do not necessarily reflect the full value of the bonds in the estate of a holder whose death has made them

redeemable at par value. In the estate before us, while the stipulation of facts does not say that the bonds are to be used for federal tax purposes, nevertheless, the executor has the right, as well as the duty, to use all of them at par value for the payment of the federal tax. In determining market value for tax purposes, an important element, under the statutory definition of market value, is not only the open market value but, also, the value to the estate, and the use to which bonds of this character may be put. * * * ,,

The court finds, under the provisions of R. C. 5731.01 (A) and (B) as amended effective July 1, 1968, that where United States treasury bonds forming a part of a decedent's estate and having a market value lower than par on the date of the decedent's death may be redeemed and applied at par value as a credit against the federal estate tax, such bonds shall be valued at par rather than the lower market price in determining their value for Ohio estate tax purposes, and that where the proceeds of such treasury bonds may be redeemed and applied only partly at par value as a credit against the federal estate tax, such bonds, to the extent that they may not be so redeemed and applied, may be valued at the market price in determining their value for Ohio estate tax purposes.

The Tax Commissioner also has included as part of Genevieve P. Hart's estate the following gifts which the commissioner claims are taxable as transfers in contemplation of death:

> "Cash—gift to Genevieve Pennington to apply to purchase of new home on 11/28/66 10,000.00
> "Treasury notes purchased 12/27/68 as a Christmas gift for her five children    20,320.00
> 
> ————————
> 30,320.00."

R. C. 5731.05 provides that "(A) the value of the gross estate shall include the value of all property, to the extent of any interest therein of which the decedent has at any time made a transfer, except in the case of a bona

fide sale for an adequate and full consideration in money or money's worth, by trust or otherwise, in contemplation of his death,'' and ''(B) any transfer, except in the case of a bona fide sale for an adequate and full consideration in money or money's worth, by trust or otherwise, made within a period of three years ending with the date of the decedent's death shall be deemed to have been made in contemplation of death, unless the contrary is shown. No transfer made before such three-year period shall be treated as having been made in contemplation of death.''

The court finds that it has been shown that such gifts were not made in contemplation of death, and, therefore, should not be included in the value of the decedent's gross estate for Ohio estate tax purposes.

The exceptions of the executrix, therefore, will be overruled as to the value of the United States treasury bonds and sustained as to the inclusion of the gifts totalling $30,320.00 alleged by the Tax Commissioner to have been made in contemplation of death.