*In re* ESTATE OF ANDREW VOSS, Deceased—(FIRST NATIONAL BANK OF ROCK ISLAND, Petitioner-Appellee, *v.* STATE OF ILLINOIS, Respondent-Appellant.)

(No. 71-189; 

Third District—April 28, 1972.

Joseph R. Rosborough, of Moline, for appellant.

Frank R. Edwards, of Rock Island, (Katz, McAndrews, Durkee & Telleen, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The State of Illinois, by the Attorney General, declined to approve an Illinois inheritance tax return which was filed by the First National Bank of Rock Island as executor of the estate of Andrew Voss, deceased. In the return the executor scheduled certain United States treasury bonds and listed their valuation at $240,028.53. The executor determined this evaluation on the basis of a market quotation for the bonds which was 78-29/32 per $100.00 of par value. The State objected to this valuation and argued that the bonds should have been valued at their par value, namely, $300,000.00, since they had been applied by the executor in payment of federal estate tax at their par value.

Thereafter the executors filed a petition for instructions with the circuit court of Rock Island County for a determination of the correct method of establishing the valuation of the bonds. Following a hearing the court entered an order finding that even though the United States bonds in question could be applied at their par value for payment of federal estate taxes, their clear market value was their quoted price on the date of decedent's death. With this order the court found the correct valuation of the bonds for Illinois inheritance tax purposes to be $240,028.53, rather than their par value of $300,000.00.

From this ruling the State has appealed and the sole question presented is whether or not the United States treasury bonds redeemed at par by the United States Treasury Department in payment of federal estate tax liability should be valued for Illinois inheritance tax purposes at par or at a value based upon a market quotation.

We find in our Illinois inheritance tax law the following language:

"The tax imposed hereby shall be upon the clear market value of such property at the rates hereinabove prescribed." Chap. 120, Sec. 375, Ill. Rev. Stat.

██ Many opinions from all jurisdictions have attempted to define and interpret the phrase "market value." Without exception the opinions are substantially in agreement that "market value" is the highest price which an article will bring, when the owner is not obliged to sell and there are purchasers willing to buy. Such was the definition set forth in the case of *Dady v. Condit*, 209 Ill. 488, 70 N.E. 1088, however, this defini-

tion is of little help to us in the instant case, since at the outset we must note that while the executor had a purchaser willing to accept the bonds at their par value, to-wit, the United States Treasury Department, the executor, rather than not being obliged to sell, was in fact under a duty to sell the bonds to the Treasury Department for to do otherwise would have resulted in a loss of approximately $60,000.00 to the estate, a loss which might well have been chargeable to the executor.

So at the outset we are confronted with a unique question of valuation where long accepted definitions of "market value" are of little help to us in arriving at a determination of the issue presented by this appeal.

There is no need to consider the decisions in other states pertaining to the question presented in this case, since they are based upon statutes quite unlike the Illinois inheritance tax law or they resulted from the presence or lack of presence of certain regulations governing the method of valuation to be used in determining the proper tax assessment.

It is interesting to note that the Probate Court of Summit County, Ohio, in the case of *In re Estate of Young*, 16 Ohio Misc. 332, 243 N.E.2d 123, stated:

"This court is of the opinion that there are two markets available as far as the estate of the decedent is concerned; that it is a relevant fact to be considered in valuing these Treasury Bonds; that they can be used, and therefore should be used at their higher value in cancelling or eliminating the debt owed to the United States Government as a debt of the estate.

This market place being available to the estate, it should be so used and having so used the Treasury Bonds, does have the effect of increasing the value of the succession; the succession having been increased, the tax to the higher value of succession will be applied."

■■ Two markets there may well be, but we believe that a sounder approach to the problem is to determine the clear market value of the bonds by asking the simple question, "What is the best price the executor can obtain for them?" There may be only one purchaser, such as in this case the United States Treasury Department, yet this purchaser is available and by the very nature of the bonds will remain available. The price offered by this purchaser is the highest and we would not be realistic if we were to hold that a lower valuation should be the clear market value of the bonds.

■■ We are cognizant of the fact that when the bonds are applied for the payment of federal estate tax this application of necessity must occur at a time subsequent to the death of the decedent. However, we do not feel that this fact disrupts the rule that the valuation of a de-

cedent's property should be determined as of the time of his death. At the time of the decedent's death the bonds of the type with which we are concerned automatically attain a value equal to their par value if the personal representative of the decedent deems it desirable to at a later date apply such value on the payment of any federal estate tax liability which might be due and owing. Were it not for the death of the decedent the United States Treasury Department would not accept the bonds at par value in payment of federal estate tax, so it is incongruous to argue that the bonds do not have a par value at the date of their owner's death.

For the reasons set forth we are of the opinion that when the United States Treasury Bonds are redeemed at par by the United States Treasury Department in payment of federal estate tax liability they should be valued at such par value for Illinois tax purposes. Therefore the ruling of the circuit court of Rock Island County is reversed and remanded with instructions that a ruling in compliance with this opinion be entered.

Reversed and remanded.

STOUDER, P. J., and ALLOY, J., concur.