(No. 45241.

*In re* ESTATE OF ANDREW VOSS.—(The People of the State of Illinois, Appellee, v. First National Bank of Rock Island, Appellant.)

*Opinion filed May 21, 1973.—Rehearing denied Sept. 27, 1973.*

GARDNER, CARTON, DOUGLAS, CHILGREN & WARD, of Chicago, and KATZ, McANDREWS, DURKEE & TELLEEN, of Rock Island (JOSEPH P. CARR, JAMES J. McCLURE, JR., ELLIOT M. SCHNITZER, LOREN E. JUHL and R. EDEN MARTIN, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Chicago (JOSEPH R. ROSBOROUGH, THOMAS J. DAVIS and JOSEPH O. ROBINELLI, Assistant Attorneys General, of counsel), for appellee.

SIDLEY & AUSTIN, of Chicago, for The Corporate Fiduciaries Association, *amicus curiae.*

MR. JUSTICE RYAN delivered the opinion of the court:

This is an allowed petition for leave to appeal by the State from a judgment of the Appellate Court for the Third District, which reversed a judgment of the circuit court of Rock Island County, fixing the value of United States Treasury bonds for Illinois inheritance tax purposes.

Andrew Voss died September 8, 1968, owning, among other assets, United States Treasury bonds in the face amount of $300,000. On the day of his death, the bonds were quoted in the Wall Street Journal at $78\,^{29}\!/_{32}$ dollars per $100 face value, resulting in a total market value of the decedent's bonds on that day of $240,028.53. The executor filed its Illinois inheritance tax return listing the treasury bonds at the date-of-death market value, $240,028.53. The return set forth the payment of the Federal estate tax of $351,130.72. The treasury bonds were used at their face value of $300,000 to pay on the Federal estate tax liability pursuant to section 6312 of the Internal Revenue Code of 1954.

The Attorney General of Illinois objected to the market-price valuation of the treasury bonds and contended they should be valued at the face value of $300,000. The circuit court entered an order finding that the treasury bonds were correctly valued at the Wall Street Journal's market quotation at the date of death of $78\,^{29}\!/_{32}$ dollars per $100 face value and were properly returned for the total amount of $240,028.53. The Appellate Court for the Third District reversed the trial court (5 Ill. App. 3d 320) and we granted leave to appeal.

The only issue before this court is whether the treasury bonds should be valued at the market-quotation value ($240,028.53) or the face value ($300,000) for Illinois inheritance tax purposes. The Illinois Inheritance Tax Act (Ill. Rev. Stat. 1967, ch. 120, par. 375) provides:

"The tax imposed hereby shall be upon the *clear market value* of such property, at the rates hereinabove prescribed." (Emphasis added.) The State contends that since the bonds were used at their face value in payment of the Federal estate tax, the clear market value of these bonds for Illinois inheritance tax purposes must also be their face value.

The statute provides for a "market value" test. (*In re Estate of Graves, 242 Ill. 212; Hanberg v. Morgan, 263 Ill. 616.*) The term "market value" has been considered by this court on several occasions in different situations and has been held to refer to the value of property as determined by the market place. It is the price which a willing purchaser will pay to a willing seller in a voluntary transaction. (*Walker v. People, 192 Ill. 106, 112; City of Chicago v. Farwell, 286 Ill. 415; People ex rel. Rhodes v. Turk, 391 Ill. 424; Housing Authority of East St. Louis v. Kosydor, 17 Ill.2d 602; People ex rel. Korzen v. American Airlines, Inc., 39 Ill.2d 11, 18.*) As this court stated in *Walker v. People,* "The market value of the shares of capital stock may sometimes be above and sometimes below the actual value." 192 Ill. at 112.

The United States Treasury Department is authorized by law to accept these bonds at face value for the very limited purpose of applying them against the Federal estate tax liability of the particular estate and for certain other limited purposes. This special and limited value does not establish a market value of the bonds within the accepted meaning of that term.

These bonds are traded daily, being sold by those desiring to sell and purchased by parties wishing to buy. The price at which they are selling on any particular day can be ascertained from market quotations printed in various publications. Quotations such as these are proper for the court to consider in determining the market value of the bonds. (*Walker v. People, 192 Ill. 106, 111, 112.*) In such a market place, all factors relative to the day-to-day

value of the bonds are reflected in the price, including the fact that the Treasury Department will accept the bonds at face value in payment of Federal estate tax liability in the event the purchaser of the bonds owns them at his death.

The various cases cited to us which reach a conclusion contrary to that expressed in this opinion construe statutes and regulations which contain standards of valuation different from those contained in the Illinois statute. These statutes and regulations authorize the court to consider other factors than market value such as "other relevant facts and elements of value." *In re Estate of Rosenfeld, 62 Cal. 2d 432, 42 Cal. Rptr. 447, 398 P.2d 783; In re Estate of Young (P. Ct. 1969), 16 Ohio Misc. 332, 243 N.E.2d 123; Bankers Trust Co. v. United States (2d Cir. 1960), 284 F.2d 537, cert. denied, 366 U.S. 903, 6 L. Ed. 2d 204, 81 S. Ct. 1047.*

The statute in Illinois, however, has for inheritance tax purposes established the standard of clear market value for determining the value of all property regardless of its character. The legislature has not seen fit to qualify this standard for special situations nor to authorize a deviation from the well-established meaning of the term "market value." The Inheritance Tax Act imposes a special tax and burden, and it should therefore be construed strictly against the State and in favor of the taxpayer. (*In re Estate of Graves, 242 Ill. 212, 213; People v. Continental Illinois Bank and Trust Co., 344 Ill. 123; People v. Varel, 351 Ill. 96; People v. Moczek, 407 Ill. 373.*) If it is the legislature's intent that certain property be taxed on the basis of its special value, the statute can easily be amended to authorize the consideration of other elements of value.

In *In re Estate of Power (1970), 156 Mont. 100, 476 P.2d 506,* the Montana Supreme Court, in a situation similar to the one in this case, construed that State's inheritance tax statute, which contained the clear market value standard. The court held that the value of United States Treasury bonds for inheritance tax purposes is the

market value and not the face value of the bonds.

Under the provisions of the Illinois Inheritance Tax Act, we hold that the United States Treasury bonds in this estate, for inheritance tax purposes, should be valued at their market value of $240,028.53 and not at their face value of $300,000. The judgment of the Appellate Court for the Third District is reversed and the judgment of the circuit court of Rock Island County is affirmed.

*Appellate court reversed; circuit court affirmed.*

MR. JUSTICE SCHAEFER, dissenting:

In my opinion the appellate court arrived at the correct result in this case. The heart of the opinion of this court which reverses the appellate court is the following statement:

"The statute provides for a 'market value' test. (*In re Estate of Graves, 242 Ill. 212; Hanberg v. Morgan, 263 Ill. 616.*)"

Neither of the two cases cited is concerned with the method of valuing assets, and I would respectfully suggest that the basic assertion does not accurately describe the statute.

The word "market" in the statutory phrase "market value" was not used by the legislature to describe reported market quotations. Those same words are commonly used in describing the just compensation to be paid to one whose land, for which there is no market quotation, is taken by eminent domain. These words, and the other words that are used in the statute, are only aids to the ascertainment of the actual, realistic value of the property in question. It is that value with which the legislature and this court have heretofore been concerned. Stock market quotations are not absolute determinants of that value. They may be, in the absence of extraordinary circumstances, "a fair and safe guide," but other relevant factors are not to be disregarded. So it was held in the early days

of the inheritance tax. Repeatedly, in the leading case of *Walker v. People (1901), 192 Ill. 106,* there is an insistence upon actual value. The court there said:

"The Inheritance Tax law provides the method and machinery for the valuation of property coming within the operation of the law. Section 1 of the statute uses the expression 'clear market value of such property received by each person.' Section 11 uses the phrases, 'value,' 'fair market value,' and 'cash value.' In arriving at the fair value of property, the appraiser, under the act, has to be guided by the fair market value thereof, and in ascertaining the same is authorized to call witnesses for that purpose. Under the act, the appraiser and the county judge and the county court are not limited in the valuation of property to the market quotations of the same, but for the purpose of finding the fair cash value of the same, they may use the quotations of the same on the public exchanges, private sales of such property, testimony as to the actual value of the same, and their own knowledge of the subject matter." 192 Ill. at 110.

In other words, in the language of the Federal estate tax regulation and of Judge Swan writing for himself and Judges Learned Hand and Medina in *Bankers Trust Company v. United States (2d Cir. 1960), 284 F.2d 537, 538,* a case involving a similar problem, "[a]ll relevant facts and elements of value" are to be considered. (See also, *In re Estate of Rosenfeld (1965), 62 Cal. 2d 432, 398 P.2d 783, 42 Cal. Rptr. 447; In re Estate of Behm (1964), 14 N.Y.2d 826, 251 N.Y.S.2d 475, 200 N.E.2d 457.*) In the present case the appellate court refused to close its eyes to the most obvious and most relevant fact about the actual value of these bonds, and I think its judgment should be affirmed.

MR. JUSTICE KLUCZYNSKI joins in this dissent.