■     In the Matter of the Estate of WILMA E. WATSON, Deceased. STATE TAX COMMISSION, Appellant; ROGER E. PYLE et al., as Coexecutors of WILMA E. WATSON, Deceased, Respondents.—Decree unanimously reversed, without costs, application granted and *pro forma* tax order amended to fix tax at $21,668.13. Memorandum: In their estate tax return the executors deducted as charitable gifts five bequests, totaling $35,000, to private not-for-profit cemetery corporations, and a *pro forma* tax order was entered thereon, fixing the tax at $19,640.11. The Internal Revenue Service disallowed the bequests as tax deductible in the Federal tax return and assessed $10,531.39 additional taxes as a result thereof. It appears that the executors settled with the Federal Government on the basis thereof. Pursuant to section 249-x of the Tax Law, the State Tax Commission then applied to the Surrogate to modify the *pro forma* order to increase the State tax on the estate to $21,668.13, to reflect the disallowance by the State of the bequests to the cemeteries. In a thoughtful opinion the Surrogate denied and dismissed the application and affirmed the *pro forma* order, and the commission appeals. In 1962 the Legislature enacted article 26 of the Tax Law, sections 955 and 961 of which (and also L 1962, ch 1013, § 2) expressly adopted as New York law the estate tax deductions specified in section 2055 of the Internal Revenue Code (US Code, tit 26, § 2055, subd [a], par [2]). The latter section provides, in part, for the exclusion from taxation of bequests to "any corporation * * * operated exclusively for religious, charitable * * * or educational purposes". Interpreting that provision, however, the Internal Revenue Service has ruled that a bequest to a not-for-profit cemetery corporation does not qualify for exclusion unless the cemetery is established exclusively for religious or charitable purposes, and that a cemetery corporation cannot be classified as charitable if it does not furnish lots to the poor without charge (Internal Revenue Bulletin, Cumulative Bulletin 1967-1, p 272; *Craig v Commissioner,* 11 US BTA, 193, 200; *Wilbur Nat. Bank v Commissioner,* 17 US BTA, 654; cited with approval by the Sixth Circuit Court of Appeals in *Matter of Gund v Commissioner of Internal Revenue,* 113 F2d 61). In *Child v United States* (540 F2d 579, cert den *sub nom. National Bank of Northern N. Y. v United States,* 429 US 1092) the Second Circuit Court of Appeals reviewed this issue and adhered to the above cited rulings. We note also that in *Matter of Dorman* (NYLJ, April 4, 1944, p 1311 col 2) Surrogate Delehanty in New York County considered this question and followed the previous Federal rulings above cited. Respondents do not claim that the cemeteries which received the subject bequests offer burial lots to the poor without charge. It has long been the policy of the State to follow the Federal construction of similar tax provisions *(Matter of Marx v Bragalini,* 6 NY2d 322, 333-334; *Matter of Russell,* 294 NY 99, 103;

*Matter of Behm,* 19 AD2d 234, affd 14 NY2d 826; *Matter of Kahn,* 48 AD2d 880, mot for lv to app den 37 NY2d 712). In 1962, as above noted, the Legislature codified that policy. Although the Surrogate has ably showed that the Federal interpretation of section 2055 of title 26 of the United States Code leads to results that seem contrary to the intent of some New York statutes and to the equal treatment of cemeteries of religious and private not-for-profit corporations, we think that, in light of the above legislation, the courts should not undertake to modify the rule. Taxation, it has been said, is a matter of policy, not of logic or fairness *(Matter of Long Is. Light. Co. v State Tax Comm.,* 45 NY2d 529, 534-535). Regardless of how logical and persuasive may be the arguments expressed by the Surrogate, we conclude that the courts may not usurp the function of the Legislature in this area. Interested parties, of course, may press their arguments upon the Legislature. (Appeal from decree of Cattaraugus County Surrogates Court—estate tax.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ. [96 Misc 2d 327.]