[No. 16689.    Department Two.    February 14, 1922.]

SAMISH GUN CLUB, *Appellant,* v. SKAGIT COUNTY *et al.,* *Respondents.*[1]

TAXATION (210)—VALUATION—EXCESSIVE ASSESSMENT—EVIDENCE —SUFFICIENCY.    Under Rem. Code, § 9102, providing that all property shall be assessed at its true and fair value in money, an assessment of property on the basis of its use is illegal, though it is proper to take into consideration, in assessing property, any use to which it may be put which gives it added value.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered May 18, 1921, upon findings in favor of the defendants, in an action to enjoin the collection of a tax, tried to the court. Reversed.

*J. A. Coleman, R. V. Welts,* and *Coleman & Gable,* for appellant.

*W. L. Brickey* and *W. H. Hodge,* for respondents.

MAIN, J.—The purpose of this action was to restrain the collection of a tax upon real property which it is claimed was unreasonable, excessive, and therefore illegal. The trial resulted in findings of fact, conclu-

[1]Reported in 204 Pac. 181.

sions of law and a judgment sustaining the validity of the tax. From this judgment the plaintiff appeals. The appellant is a corporation and owns about 270 acres of land in Skagit county. All of this land, with the exception possibly of ten or fifteen acres, is what is referred to as mud flats, over which the tide ebbs and flows. The property is used by the appellant as a hunting preserve; it has no substantial value for any other purpose. The tax here involved is for the years 1916, 1917 and 1918. For these years the property was assessed at approximately fifteen times what it had been assessed for the year 1915 and prior years.

In making the assessment of the taxes for the years in controversy the assessor, as we understand his testimony, assessed the use to which the property was being put, claiming that, by reason of the fact that it was an advantageous hunting location and was being used for that purpose, the enhanced value was justified. The assessor testified: ''I took into consideration the fact that it was being used for hunting purposes. I did not take into consideration any other value to speak of. The hunting part is what I gave it its value on when I made the assessment.'' He testified further that, ''had the property in this case not been used by the Samish Gun Club or another gun club or any one else for hunting purposes, I do not think I would have assessed it as high.'' It seems clear from this testimony that the assessor, in levying the tax in controversy, assessed the use to which it was being put. Section 9102, Rem. Code (P. C. § 6939), provides, among other things, that all property shall be assessed at its true and fair value in money. In arriving at this value it is the generally accepted law in this state, as well as in other jurisdictions, that any use to which the property may be put may be taken into considera-

tion, and if it is peculiarly adapted to some particular use, such fact may be taken into consideration.

In applying this rule the assessor had the right to take into consideration the value of the property as a hunting preserve, if such use gave it an added value, but taking into consideration the use, either general or special, to which a property may be put in determining its value is a different thing from assessing the use which is being made of it. The property, if it were not used as a hunting preserve and had a value for that purpose, either general or special, would be of the same value as it would when devoted to that particular use. To illustrate, assume that two persons respectively owned adjoining sections of land, both of which were valuable for the raising of wheat. One of the owners devoted his land to the raising of wheat and it netted him approximately $10 per acre. The other devoted his to pasturage and received an income of approximately $1 per acre. The two sections of land would be of the same value, even though one produced a greater income because of the fact that it was devoted to the purpose for which both sections were peculiarly adapted. In making an assessment it would not be proper to assess the use to which the land upon which wheat was being raised was put, but both sections of land would have the same value, even though one was producing a greater income than the other, they both being adapted to the use to which the one producing the greater income was put. In making the assessment upon the property in question upon the use to which it was being put, the assessor proceeded upon a fundamentally wrong basis. It is well settled in this state, as said in *Weyerhaeuser Timber Co. v. Pierce County*, 97 Wash. 534, 167 Pac. 35, that where the assessing officer in making an assessment "pro-

ceeded upon a fundamentally wrong basis or theory in making the assessment, the courts will grant relief against an overvaluation of real property, and this regardless of the action of the board of equalization in the premises.''

The appellant, before bringing this action, tendered to the county treasurer the full amount of the taxes which it claimed was due upon the property, and its tender was based upon the value of the property as it was assessed for the year 1915. In the year 1918, there had been a horizontal raise on the assessed value of all property in Skagit county, and the assessed value of the property of the appellants was thus increased thirty per cent thereby. In making the tender, this thirty per cent increase was not taken into consideration. Upon the record in this case, since the assessments for the years 1916, 1917 and 1918 were upon a fundamentally wrong basis, the appellants' property should not only answer for the amount tendered, but the thirty per cent increase.

The judgment will be reversed, and the cause remanded with direction to enter a judgment in accordance with the views herein expressed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.