Argued December 14, 1970, affirmed January 14, petition for
rehearing denied February 9, petition for review
denied March 30, 1971

IN THE MATTER OF THE ESTATE OF IDA M. BEADLE,
DECEASED

DEPARTMENT OF REVENUE, *Appellant, v.*
FIRST NATIONAL BANK OF OREGON,
*Respondent.*

IN THE MATTER OF THE ESTATE OF VIOLA S. EPPSTEIN,
DECEASED

DEPARTMENT OF REVENUE, *Appellant, v.*
UNGER, *Respondent.*

IN THE MATTER OF THE ESTATE OF HARRIET G. WISE,
DECEASED

DEPARTMENT OF REVENUE, *Appellant, v.*
WISE, JR. ET AL, *Respondents.*

479 P2d 256

*Walter J. Apley*, Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Lee Johnson, Attorney General, and Richard A. Uffelman, Assistant Attorney General, Salem.

*William C. Martin* and *Robert E. Glasgow*, Portland, argued the cause for respondents. With them on the brief were Dusenberry, Martin, Beatty, Bischoff & Templeton, and James C. Maletis and Francis M. Reagan, Portland.

*George Black, Jr.*, Portland, argued the cause for the Estate of Aaron M. Frank, Deceased, as amicus curiae. With him on the brief were Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

This is an appeal by the Department of Revenue from a decree of the Circuit Court for Multnomah County ruling that United States Treasury bonds in each of the three estates were properly appraised at their full and true value on the date of decedent's

death. The Department contends that those United States Treasury bonds in each of the estates which were utilized at the higher par value in the payment of federal estate taxes should be appraised at par value in computing Oregon inheritance taxes.

The trial court's opinion succinctly sets out the applicable Oregon law:

"ORS 118.640 provides as follows:

" 'Immediate appraisal; evaluation particular interest.

" '(1) Every inheritance, device, bequest, legacy or gift, upon which a tax is imposed under ORS 118.005 to 118.840, shall be appraised at its full and true value immediately upon the death of the decedent, or as soon thereafter as may be practicable;'

"In *Unander v. Murphy*, 208 Or. at page 89, Mr. Justice Rossman, speaking for the court, said: '2,3. The statutory provisions require that the assets subject to inheritance tax be considered at their "full and true value" (ORS 118.640, 118.670) which is the same as "market value" (ORS 118.700). *In re Estate of Frank*, 123 Or. 286, 261 P. 893. Where there have been enough sales of the same or similar items, determination of market value is a relatively easy task.'

"At the date of each death with which we are concerned, there were adequate sales of the bonds in question to establish market value, and said market value was readily ascertainable. These values included all elements of value, none the least of which was the fact that they might or could be used at some future date towards payment of federal estate tax liabilities.

"There is no need to consider the effect of the federal statutes or decisions, or the decisions of other states following the reasoning in any federal case. In *O'Donnell et al v. Scott*, 176 Or. at page

508, Mr. Justice Bailey said: 'It is doubtful if language could be used which would convey more clearly the legislative intent, that the federal estate tax should be entirely disregarded in computing the state inheritance tax, than that used in the title and body of the act. We conclude, therefore, that the state tax is to be computed under all three paragraphs of Sec. 20-105 as though there were no law providing for a federal estate tax.'

"Since the Oregon statute is not ambiguous the respective market values of the bonds immediately upon the death of each decedent are the appropriate valuations for Oregon inheritance tax purpose."

An identical question was recently decided in the State of Montana where the Montana Supreme Court in a well-reasoned opinion said:

"* * * [W]e hold that valuation for state inheritance tax purposes of United States Treasury bonds redeemable at par in discharge of federal estate tax liability must be based on their 'clear market value' on the date of decedent's death rather than upon their par value for a particular purpose in the hands of the executor. We further hold that where, as here, stock market quotations fairly establish such 'clear market value', the market value so established controls over their redemption value in discharge of federal estate tax liability." *In re Power*, — Mont —, 476 P2d 506, 509, decided November 13, 1970.

Affirmed.