[No. 42392. En Banc. May 31, 1973.]

*In the Matter of the Estate of* MYRTLE T. EGGERT, *Deceased.* GEORGE R. MOSLER, *as Executor, Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*

George R. Mosler and Laurence A. Mosler, for appellant.

Slade Gorton, Attorney General, Timothy R. Malone, Senior Assistant, and Henry W. Wager, Assistant, for respondent.

UTTER, J.—The executor of the estate of Myrtle T. Eggert appeals from a superior court judgment. The judgment fixed the value to the estate of certain United States Treasury bonds for state inheritance tax purposes at par value as contrasted with the quoted market price as of the date of death under the requirements of RCW 83.40.040.[1]

At the time of Myrtle T. Eggert's death, on July 31, 1970, the treasury bonds were inventoried and appraised for inheritance tax purposes at $110,806 plus interest. This represented the quoted market price for such bonds on the open market as of the date of her death. Her executor later filed federal estate tax returns listing the bonds at their par value of $170,000 plus interest to enable them to be used at

---

.. [1]RCW 83.40.040. "Valuation to be adjusted according to federal appraisement. If after the values have been determined under this title for inheritance tax purposes, the same estate is valued under the federal estate tax statute and the date of death value of the property, or any portion thereof, fixed under the federal law, is increased above or decreased below the value theretofore fixed under the inheritance tax provisions of this title, and this valuation under the federal estate tax is accepted by the estate either by agreement or through final determination in the federal court, the value as fixed under the inherit-

that value to extinguish the federal estate tax due, which exceeded the full par value of the bonds. This was done under a provision in the bonds which allowed an estate holding them at the date of decedent's death to receive an estate tax credit equal to the par value of the bonds for the purpose of paying the federal estate tax due. The State of Washington's findings, subsequent to the filing of the federal estate tax return, then included the additional value of $59,194 which represented the difference between the quoted market price of the bonds and their par value. The trial judge found RCW 83.16.010[2] required valuation of decedent's property at fair market value on the day of death, which he held to be the open market price, but that under RCW 83.40.040, the bonds must be valued for state inheritance tax purposes at their par value. Judgment was entered accordingly valuing the bonds at their par value for purposes of the state inheritance tax.

We hold that "fair market value" required in RCW 83.16.010, our tax valuation statute, is, under the facts of this case, the par value of the bonds. It is, therefore, unnecessary to reach the question of whether RCW 83.40.040 applies.

The executor contends the requirement of RCW 83.16.010 that the property be appraised at the "fair market value thereof on the day of the death" can only mean valuation in a "free and open market". He argues that such is not the case here as there is not a willing purchaser or seller for the bonds nor an actual sale of the bonds, citing *In re Estate of Cowles*, 36 Wn.2d 710, 219 P.2d 964 (1950) and *Carkonen v. Williams*, 76 Wn.2d 617, 636, 458 P.2d 280 (1969).

We believe that, under the laws of our state, the fair

ance tax provisions of this title upon such property or portion thereof shall be increased or decreased to this amount."

[2] RCW 83.16.010. "Property appraised at fair market value. All property of the estate of a deceased person, for the purposes of computing the inheritance tax, shall be valued and appraised at the fair market value thereof on the day of the death of the decedent owner thereof and subsequent sales shall not affect the value so used."

market value of the treasury bonds to this estate was the par value of the bonds as of the date of death. Fair market value, as used in RCW 83.16.010, has not been expressly defined in this state as used in that statute, but the provision has been defined with regard to its application to personal property taxation.

Market value means the amount of money which a purchaser willing, but not obligated, to buy would pay an owner willing, but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. Any use to which the property may be put may be taken into consideration and if it is peculiarly adapted to some particular use, such fact may be taken into consideration. *Carkonen v. Williams, supra; Mason County Overtaxed, Inc. v. Mason County,* 62 Wn.2d 677, 683, 384 P.2d 352 (1963); *Samish Gun Club v. Skagit County,* 118 Wash. 578, 204 P. 181 (1922). All factors and elements which might in reason affect values must be taken into account in determining fair market value. *Northwest Chemurgy Co. v. Chelan County,* 38 Wn.2d 87, 228 P.2d 129 (1951). This reasoning has been applied to inheritance tax valuations. *In re Estate of Cowles, supra.*

There are two markets available as far as the estate of the decedent is concerned. One is the open market. The other is the United States government. The bonds can be used at their par value in canceling or eliminating the debt owed to the United States government as a debt of the estate in their full par value of $170,000 plus interest rather than $110,860, the quoted market price available on the open market as of the date of death. In recognition of this fact, the court stated in *In re Estate of Young,* 16 Ohio Misc. 332, 334, 243 N.E.2d 123 (1968):

> This market place being available to the estate, it should be so used and having so used the Treasury Bonds, does have the effect of increasing the value of the succession; the succession having been increased, the tax to the higher value of succession will be applied.

It was further recognized in *In re Estate of Rosenfeld,* 62

Cal. 2d 432, 435, 398 P.2d 783, 42 Cal. Rptr. 447 (1965) that "any increase in the value of the estate which will result if the bonds are used to pay federal estate taxes will inevitably be reflected in the amounts received by some or all of the legatees." The result is that under RCW 83.16.010, taking into account all factors and elements which might in reason apply, the "fair market value" of the bonds in question is their par or face value, the value at which such bonds could be used to pay the federal estate tax.

The cases to the contrary from outside our state, cited by appellant, apply either a more restricted definition of "fair market value" than we do or erroneously overlook the fact that the use of the bonds to pay federal estate taxes does result in an increase in the value of the estate to the heirs. The *Cowles* and *Carkonen* cases support, rather than conflict, with the result here reached.

There is no unfair taxation to the heirs by virtue of the inheritance tax. The state is not taxing a federal credit. The federal valuation of these bonds at par is done because it is their fair market value and the increased state tax is a natural result. *Bankers Trust Co. v. United States*, 284 F.2d 537 (2d Cir. 1960), *cert. denied*, 366 U.S. 903, 6 L. Ed. 2d 204, 81 S. Ct. 1047 (1961). The use of the bonds at par value in this estate had the same effect as if the difference between the market value and par value had been a cash asset of the estate.

Judgment affirmed.

HALE, C.J., ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., and RYAN, J. Pro Tem., concur.

Petition for rehearing denied July 27, 1973.