FRED J. STANBACK, JR., EXECUTOR OF THE ESTATE OF FRED J. STAN-
    BACK v. J. HOWARD COBLE, SECRETARY OF REVENUE OF NORTH
    CAROLINA

No. 7619SC119

(Filed 18 August 1976)

Taxation § 27— inheritance taxes — U. S. Treasury bonds — valuation

   The Secretary of Revenue is required by G.S. 105-29(a) to
   value assets of an estate for inheritance tax purposes at the same
   amount as they have been valued for federal estate tax purposes;
   therefore, there was no taxable gain to an estate for income tax
   purposes on the difference between the alternate value placed on
   U.S. Treasury bonds for State inheritance tax purposes and the par
   value of the bonds as accepted in satisfaction of federal estate taxes
   since the bonds should be reassessed for inheritance tax purposes at
   the same value as they were accepted in satisfaction of the federal
   estate taxes.

   Judge VAUGHN concurs in the result.

APPEAL by defendant from *Kivett, Judge.* Judgment entered
18 November 1975, Superior Court, ROWAN County. Heard in
the Court of Appeals 13 May 1976.

This is a civil action brought pursuant to G.S. 105-266.1
for the refund of income tax paid by the plaintiff to the de-
fendant for the taxable year 1972. The estate of Fred J. Stan-
back, Sr., had acquired United States Treasury bonds having a
total par value in excess of $570,000. Decedent's executor, the
plaintiff, used these bonds as a credit for $570,000 of federal
estate tax during the taxable year 1972. Under the alternate
valuation date of 3 November 1973 chosen by the executor for
inheritance tax purposes the bonds had a fair market value of
$454,746.

The North Carolina Income Tax Diviison made an assess-
ment against the plaintiff based on a gain in income resulting
from the disposition of the bonds. Since North Carolina viewed
the basis of the bonds as $454,746 and the bonds had been used
to satisfy federal estate taxes of $570,000, the Department of
Revenue made an assessment against the plaintiff for addi-
tional income tax of $8,471.17 on the taxable gain of $115,254.
Plaintiff paid the tax on 7 November 1974 and requested a
refund which was denied.

The court entered judgment for the plaintiff, concluding as a matter of law that the bonds should be valued at par for North Carolina inheritance tax purposes and therefore the difference in the par value and the fair market value of such bonds was not income to the estate of Fred J. Stanback, Sr. and plaintiff is entitled to a refund. Defendant appealed.

*Kluttz and Hamlin, by William C. Kluttz, Jr., for plaintiff.*

*Attorney General Edmisten, by Associate Attorney William H. Boone, for the State.*

MARTIN, Judge.

Defendant contends that G.S. 105-29 (a) does not require North Carolina to strictly conform with federal estate tax valuations in view of the sentence in that statute stating: "In either event the Secretary of Revenue shall proceed to determine, from such evidence as may be brought to his attention or which he shall otherwise acquire, the correct value of the said estate . . . . " Defendant contends the two situations referred to in the sentence are a higher assessment of the estate's value by the federal government than the value reported for North Carolina interitance tax purposes *or* a lower assessment by the federal government than that reported for inheritance tax purposes. In either event, defendant contends he has flexibility in determining the estate's value for inheritance tax purposes. Defendant further contends that G.S. 105-144 (a) provides that the basis of the bonds is their fair market value at the date of death or the alternate valuation date and that the estate therefore acquired a gain in income through the "disposition" of the bonds at an amount in excess of their basis and such gain was properly treated as income to the estate of Fred J. Stanback, Sr. We disagree.

G.S. 105-29 (a), which provides that "If the amount of said estate as assessed and fixed by the federal government shall be in excess of that theretofore fixed or assessed under this schedule for the purpose of determining the amount of taxes due the state from said estate, then the Secretary of Revenue shall reassess said estate and fix the value thereof at the amount fixed, assessed, and determined by the federal government . . . " , *requires* the Secretary of Revenue to value assets of an estate at the same amount as for federal estate tax purposes, and the sentence of that statute cited by defendant does not qualify

this requirement but refers instead to the "events" of an executor contesting the Secretary of Revenue's increasing the estate value or petitioning the Secretary to reduce the estate value.

There is divergence in the views of courts in other jurisdictions dealing with the question whether United States Treasury bonds are to be valued for state inheritance or estate tax purposes at par or face value or at the lower market price. For this reason no useful purpose would be made to discuss the several cases cited by the parties sustaining their positions.

We think the meaning of G.S. 105-29 is clear. However, if the meaning is doubtful, it should be construed against the State and in favor of the taxpayer unless a contrary legislative intent appears. See *In Food House, Inc. v. Coble, Sec. of Revenue*, 289 N.C. 123, 221 S.E. 2d 297 (1976).

Affirmed.

Judge CLARK concurs.

Judge VAUGHN concurs in the result.