THIRD NATIONAL BANK, Executor of the Estate of Newman Cheek, Deceased, Plaintiff-Appellee,

v.

Martha B. OLSEN, Commissioner of Revenue, Defendant-Appellant.

Supreme Court of Tennessee, at Nashville.

Aug. 9, 1982.

Charles L. Lewis, Asst. Atty. Gen., Nashville (William M. Leech, Jr., Atty. Gen., Nashville, of counsel), for defendant-appellant.

Lowe Watkins, Fitzgerald Parker, C. Hayes Cooney, Nashville, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

This case involves the valuation of certain United States treasury bonds, popularly known as "Flower Bonds," for purposes of the Tennessee Inheritance Tax, T.C.A. § 30–1601 to 1641.

Decedent died on February 3, 1979. A few weeks prior to his death he had purchased the bonds in question which had a face or par value of $2,500,000. The bonds were redeemable and were in fact redeemed at par or face value for purposes of federal estate taxation. On the alternate valuation date chosen by the Executor the bonds were quoted on the open market at $2,062,500. The Executor included them at the latter figure on the state inheritance tax return. The Commissioner, insisting that the bonds should be included at par value since they were redeemed for federal estate tax purposes at par, assessed a deficiency in the amount of $68,834.76 together with interest of $9,175.67, a total of $78,010.43. This amount was paid by the Executor under protest, and the present suit for refund was filed. The Chancellor allowed recovery, holding that the bonds were properly reported by the Executor at their fair market value. We affirm.

T.C.A. § 30–1621(a), governing the basis of appraisal of property for inheritance tax purposes, provides:

"All property, real and personal, shall be appraised at its full and true value at the date of death of the decedent, provid-

ed that stocks and bonds listed on recognized exchanges shall be appraised by ascertaining their quoted value on the date of death of the decedent or on the nearest business day of such exchange to such date."

In the case of *Hamilton National Bank v. Benson*, 223 Tenn. 326, 444 S.W.2d 277 (1969), this Court held that in valuing securities, an Executor was entitled to employ the "blockage" principle and to take into consideration that in some instances a large block of stock cannot be marketed as readily as can a smaller quantity. The Court held that the primary basis of appraisal for tax purposes is the "full and true value" of property and that the provision for using market quotations was secondary or ancillary. The Court said:

"The so-called 'blockage' rule attempted to be invoked in this case is an exception to the general rule and it should be applied if it is necessary to use it in getting to the true value of the property assessed so as to be fair both with the taxpayer and the State."

223 Tenn. at 330, 444 S.W.2d at 278.

Both parties rely upon this case as supporting their respective positions. The Commissioner cites the case in support of her contention that other factors than market quotations may be considered in arriving at the full and true value of includable assets. The taxpayer points out that the emphasis of the Court was upon arriving at that value and not at some artificial or special value.

We are of the opinion that the *Hamilton National Bank* case, *supra*, was indeed correctly decided and that it appropriately permitted a taxpayer to take into account a "blockage" reduction from market quotations in the valuation of large amounts of securities. We do not believe, however, that it is dispositive in the present case except to the extent that it emphasizes that actual value, rather than a theoretical or mathematical value, is the proper basis of appraisal.

The United States treasury bonds involved in the present case were issued in 1962, redeemable in 1987 and maturing in 1992. They bore a coupon rate of 4¼—far below the yield on many other comparable securities which were available to the decedent at the date of purchase in December 1978. Their principal appeal to investors such as the decedent was their special feature of being redeemable for purposes of the federal estate tax at par, rather than at their market price. "Flower Bonds" such as these were first authorized by Congress in 1917 and continued to be issued from time to time until 1971. Their special redemption value has always been their principal appeal, particularly in view of their low coupon rate. As of January 30, 1981, there were approximately 7.6 billion dollars worth of these bonds outstanding in the hands of private investors.

During more than sixty years since the first issuance of this type of treasury bonds, the Tennessee Department of Revenue has accepted inheritance tax returns valuing them at market, and not until 1980 did it begin to insist upon their inclusion at par. Insofar as they are used to discharge federal estate tax liability, they are generally includable for federal estate tax purposes at par. *See Bankers Trust Co. v. United States*, 284 F.2d 537 (2nd Cir. 1960), *cert. denied*, 366 U.S. 903, 81 S.Ct. 1047, 6 L.Ed.2d 204 (1961).

There is a sharp division in the reported decisions from other states on their proper valuation for purposes of state death taxes. A number of jurisdictions have required their inclusion at par, either under the language of particular statutes or because the courts have deemed the bonds "worth" par in the hands of an executor to the extent that they are used to pay federal estate taxes. To that extent, the executor receives dollar-for-dollar value for the bonds, and other assets in the estate, which would otherwise be required for payment of federal estate taxes, are left for distribution to the estate beneficiaries. *See In re Rosenfeld's Estate*, 62 Cal.2d 432, 42 Cal.Rptr. 447, 398 P.2d 783 (1965); *National Bank of Detroit v. Revenue Division*, 406 Mich. 534, 281 N.W.2d 119 (1979); *In re Estate of Behm*, 19 App.Div.2d 234, 241 N.Y.S.2d 264 (1963), *aff'd* 14 N.Y.2d 826, 200 N.E.2d 457, 251 N.Y.S.2d 475 (1964); *Stanback v. Coble*, 30 N.C.App. 533, 227 S.E.2d 175 (1976); *Clapp v. Cass County*, 236 N.W.2d 850 (N.D. 1975); *In re Estate of Eggert*, 82 Wash.2d 332, 510 P.2d 645 (1973).

In a slightly larger number of jurisdictions, treasury bonds such as these have been held includable for state death taxes at their quoted market value. *See Stein v. Idaho State Tax Commission*, 99 Idaho 70, 577 P.2d 798 (1978); *In re Estate of Voss*, 55 Ill.2d 313, 303 N.E.2d 9 (1973); *Second National Bank of Richmond v. Dept. of State Revenue*, 366 N.E.2d 694 (Ind.App. 1977); *In re Estate of Power*, 156 Mont. 100, 476 P.2d 506 (1970); *In re Estate of Kaufman*, 53 Ohio St.2d 231, 374 N.E.2d 142 (1978); *Department of Revenue v. First National Bank of Oregon*, 4 Or.App. 477, 479 P.2d 256 (1971); *In re Estate of Dahl*, 286 N.W.2d 528 (S.D.1979); *Estate of Aul v. Haden*, 154 W.Va. 484, 177 S.E.2d 142 (1970). *See also Annot.*, 62 A.L.R.3d 1272 (1975).

Cases permitting inclusion at market quotation rather than par value have emphasized that the special feature of federal law permitting redemption at par makes the United States a "captive" buyer of the bonds and creates a special "market" wholly apart from and different from the open market.

"The U.S. Treasury is under a compulsion to accept the 'Flower Bonds' at par value and therefore does not come within the definition of a 'willing buyer.'" *Second National Bank of Richmond v. Dept. of State Revenue*, 366 N.E.2d 694, 696 (Ind. App.1977).

Logical arguments can be clearly made in support of either position. We are of the opinion, however, that the better reasoned cases are those which permit the inclusion of bonds such as these at their quoted or market value. We are not impressed with the taxpayer's insistence that the State could not lawfully tax them at par, nor are

we impressed with its contention that the attempt by the State to do so after 1980 was in any way improper or in excess of the State's authority. On the other hand, the statute refers to "full and true value at the date of death," and it is obvious that these bonds are traded on the open market among willing buyers and willing sellers at a price considerably below par. They are not redeemable at par for purposes of local or state taxation, nor do they have any other special value except for the single purpose of discharging federal estate tax liability. This feature was authorized by Congress and is equivalent to a special credit against the federal estate tax for the owners of such securities. We are not persuaded that such special use or value for federal tax purposes should be deemed controlling in appraising these securities under existing Tennessee statutes.

Unless and until the General Assembly specifically directs the inclusion of such treasury bonds at par, we are of the opinion that they are properly includable for state inheritance tax purposes at their value on the open market.

The judgment of the Chancellor is affirmed at the cost of appellant.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.