*In re* ESTATE OF NELLE M. ALLYN, Deceased (Estate of Nelle M. Allyn, Appellee, v. The People of the State of Illinois *et al.*, Appellants).

First District (2nd Division)   No. 84—1506

Opinion filed November 26, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellants.

Thomas C. Shields, Peter J. McNulty, and Joseph F. Griffin, all of Hopkins & Sutter, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Appellee, the estate of Nelle M. Allyn (estate), sought a reassessment of the Illinois inheritance tax and additional tax pursuant to sections 8 and 30c of the Illinois Inheritance and Transfer Taxes Law (the Act) (Ill. Rev. Stat. 1981, ch. 120, pars. 382, 403c). The estate sought a refund of $72,552.66. Appellant, the State of Illinois, moved to dismiss the petition on the grounds that it was filed more than five years after the tax had been paid and that the petition was barred by section 30b of the Act. (Ill. Rev. Stat. 1981, ch. 120, par. 403b.) The circuit court denied the State's motion, reassessed the taxes, and ordered the State Treasurer to refund the amount sought by the estate. The State of Illinois appeals.

The issues presented on review are whether: (1) the estate filed its petition for reassessment and refund of overpayment of Illinois death taxes within the time allowed by the applicable statute; and (2) the State Treasurer was properly named in the court's refund order.

The decedent, Nelle M. Allyn, a resident of Evanston, died on October 8, 1971. Her will was admitted to probate on December 6, 1971. An Illinois inheritance tax return was timely filed. On June 25, 1973, the circuit court entered an order under Inheritance Tax Appraisement No. 72 CoIT 7161 assessing an inheritance tax of $94,218.27 and an additional tax of $101,896.48, for a total tax of $196,114.75.

On December 20, 1973, the Internal Revenue Service and the estate agreed to certain adjustments with respect to the Federal estate tax liability of the estate. The value of the gross estate was increased by $206,288.07. Because of the increase, a supplemental inheritance tax return under Inheritance Tax Appraisement No. 75 CoIT 4952 was filed, showing an inheritance tax of $103,413.41 and an additional tax of $112,505, for a total tax due of $215,918.41. On March 18, 1976, the estate paid $215,918.41 in full payment of the total inheritance and additional tax liability.

Under normal circumstances, this would have ended the matter to the satisfaction of all concerned. However, in October 1977, almost four years after all believed the inheritance tax proceedings concluded, the Federal government asserted a Federal gift tax and Federal income tax deficiency against the estate. Extensive litigation between the Federal government and the estate ensued in the United States Tax Court and the United States District Court. This litigation was concluded by the entry of appropriate orders in the Tax Court and District Court resulting in the payment by the estate of gift taxes and income taxes. As a result, the amount of additional taxes and additional costs of administration, which are valid deductions for Illinois inheritance tax purposes, was increased by $820,429.47, thereby reducing the amount of the Illinois inheritance tax and additional tax due from the estate. On February 3, 1984, the estate filed a petition in the circuit court of Cook County asserting the additional deductions and seeking a reassessment of the Illinois inheritance tax and additional tax liability, and a refund of the overpayment of Illinois inheritance and additional taxes.

On May 16, 1984, an order was entered by the circuit court of Cook County reassessing and redetermining the Illinois inheritance tax in the amount of $71,205.06 and additional tax in the amount of $72,160.09, for a total tax of $143,365.75. Because $215,918.41 was paid on March 18, 1976, the court ordered the State Treasurer to refund $72,552.66 to the estate.

There is no dispute about the fact that the estate overpaid Illinois taxes, or the amount of the overpayment. The State claims that the refund is barred by the statute of limitations. We disagree.

I

An inheritance tax is a tax on the right to succeed to the beneficial interest of property upon the death of a decedent; it is a tax on the right to receive property by descent or devise, and is not a tax on the property itself. (21A Ill. L. & Prac. *Inheritance & Transfer*

*Taxes* sec. 2 (1977).) Because the Act imposes a special tax and burden, it should be strictly construed against the State and in favor of the taxpayer. *In re Estate of Voss* (1973), 55 Ill. 2d 313, 316, 303 N.E.2d 9; 21A Ill. L. & Prac. *Inheritance and Transfer Taxes* sec. 6 (1977).

The Act is a code covering the whole subject of Illinois death taxes.[1] It deals with assessment, payment and the method of securing a refund of overpaid taxes. Under the Act, the amount of death taxes payable to Illinois consists of two separate taxes, the *inheritance tax* imposed under section 1 (Ill. Rev. Stat. 1981, ch. 120, par. 375), and the *additional tax* imposed under sections 30a, 30b and 30c of the Act (Ill. Rev. Stat. 1981, ch. 120, pars. 403a, 403b, 403c). The estate's petition claimed an *inheritance tax* refund of $32,208.35 and a refund of *additional tax* in the sum of $40,344.31, for a total refund of Illinois *death taxes* in the sum of $72,552.66. In Illinois, the combined inheritance and additional taxes are referred to as Illinois death taxes.

A

■ We will first consider the refund of the inheritance tax. Section 8 of the Act provides in relevant part:

"(c) Whenever additional claims, taxes or additional costs of administration which are valid deductions have been proved and allowed against an estate subsequent to the appraisement, assessment and payment of tax, [said] claims, taxes and costs not having been allowed as deductions in the inheritance tax proceedings, [*said] estate shall be entitled to a redetermination and reassessment of the tax and a refund* from the State Treasurer of tax paid in excess of the amount of the tax due as shown by the order of reassessment.

(d) *** [P]rovided further that if the application for repayment is based upon an additional or increased claims or taxes *the application for repayment may be made within one year after the liability for such additional or increased claims or taxes is finally determined.*" (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 120, pars. 382(c), (d).)

The estate's "liability for such additional or increased claims or taxes" was "finally determined" when the Federal court orders were entered on February 25, 1983. This enabled the estate to petition for

---

[1]A major revision of the Act took effect on July 1, 1983, and applies to the estate of a decedent dying on or after January 1, 1983. This opinion is not affected by this revision.

a reassessment and refund of its inheritance tax. There is no dispute that the estate's petition was timely pursuant to section 8(d) (Ill. Rev. Stat. 1981, ch. 120, par. 382(d)).

Section 14 (Ill. Rev. Stat. 1981, ch. 120, par. 388) of the Act confers exclusive jurisdiction on the circuit court to determine the propriety of the estate's claim for a refund pursuant to section 8 of the Act. Appellants cite no authority which would justify ignoring the plain language of section 8.

## B

■ We now consider the refund of the additional tax. The additional tax imposed by section 30a of the Act is computed after the inheritance tax has been determined. The reassessment of the Illinois inheritance tax also triggers a reassessment of the Illinois additional tax under section 30c of the Act. Section 30c of the Act states:

> "Whenever there shall be a reassessment or redetermination of the tax under Section 25 [ch. 120, par. 398] or a redetermination of the tax under Section 8 [ch. 120, par. 382] and Section 10 [ch. 120, par. 384] of this Act or either of them ***, *there shall be a concurrent redetermination of the tax under Section 30a [ch. 120, par. 403a] in the same proceeding* and a reassessment of the tax shall be made under Section 30a equal to the maximum tax credit allowed under the Internal Revenue Code upon the net estate or that portion thereof which has a taxable situs in this State less the inheritance taxes due the State of Illinois as so redetermined. *The State Treasurer shall refund* to the person, corporation or institution entitled thereto the difference between the amount paid under Section 30a and the amount due in this Section 30c ***." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 120, par. 403c.)

Section 30c provides for a refund in the type of situation present in this case—where there is a reassessment of the Illinois inheritance tax under section 8 of the Act. The plain language of the Act entitles the estate to a refund of the excess Illinois *inheritance tax* and excess *additional tax* which it paid.

Nevertheless, appellants contend that paragraph 30b is applicable, and its five-year statute of limitations from the date of payment bars any claim of refund. (Ill. Rev. Stat. 1981, ch. 120, par. 403b.) Under this interpretation, section 30c would be rendered superfluous.

Assuming that the limitations period urged by the appellants pursuant to paragraph 30b is equally persuasive with the limitations period urged by the estate pursuant to section 8, we must decide in favor

of the estate. Our courts have consistently held that the Act should be construed in favor of the taxpayer. (*In re Estate of Voss* (1973), 55 Ill. 2d 313, 316, 303 N.E.2d 9.) In addition, "where there is a substantial question [as to] which of two or more statutes of limitation within the jurisdiction should be applied, the doubt should be resolved in favor of the application of the statute containing the longest limitation." (51 Am. Jur. 2d *Limitations* sec. 63 (1970).) In *O'Malley v. Sims* (1938), 51 Ariz. 155, 165, 75 P.2d 50, the Arizona Supreme Court applied the principle that where two constructions are possible, the one yielding the longer limitations period is preferred, and held that the statute of limitations for a refund of State inheritance tax did not begin to run until the amount of the tax had been finally determined by a court.

## C

■ Under appellants' interpretation of the Act, it would be impossible for the estate to file a timely claim for refund. The Illinois death taxes were paid on March 18, 1976. The litigation between the estate and the Federal government was completed with the entry of appropriate court orders in the United States Tax Court and the United States District Court on February 25, 1983. Thus, the amount deductible by the estate against Illinois death taxes was finally known by the estate seven years after payment was made. Appellants assert that the refund was barred almost two years before all of the deductions, to which the estate was entitled, were finally known and determined.

There is no assertion that the estate was dilatory or in any way to blame for the late determination of the deductible items. In fact, the estate would have preferred that the Internal Revenue Service not intrude in October 1977. Without this uninvited intrusion, this litigation would never have arisen.

Should the estate be penalized and denied a refund due to matters beyond its control? We think not.

■ Assuming that the five-year statute of limitations applies, 19 months would have elapsed from the time of payment of Illinois taxes on March 18, 1976, until the Federal tax audit on October 31, 1977. This action by the Federal government should properly toll the statute of limitations. (See *e.g., Kelly v. Chicago Park District* (1951), 409 Ill. 91, 95-96, 98 N.E.2d 738; 25 Ill. L. & Prac. *Limitations* sec. 82 (1956).) As the Arizona Supreme Court held, "unless and until a court of competent jurisdiction has definitely determined the true amount of the tax, or that no tax at all was due, the statute of limitations does not commence to run against a payment upon an estimate made ***."

(*O'Malley v. Sims* (1938), 51 Ariz. 155, 166, 75 P.2d 50, 55.) Thus, the limitations statute would then resume on February 25, 1983, when court orders were entered terminating the litigation and making the nature and amount of deductions known. On February 3, 1984, the estate filed a petition for reassessment of Illinois death taxes and claimed the refund. An additional 12 months could be added to the running of the statute of limitations.

To recapitulate, the statute of limitations would be running from March 18, 1976, to October 31, 1977. It would then be tolled by the Federal litigation until February 25, 1983. Then the statute would resume until February 3, 1984. This would result in a total running of the statute of 31 months, which is well within the five-year statute of limitations asserted by the State.

II

■ Appellants contend that the circuit court improperly named the State Treasurer in its refund order. It cites no authority to support this argument. Section 8 and 30c clearly authorize the State Treasurer to refund the overpaid taxes. Thus, the circuit court's order is consistent with the State Treasurer's duty under the Act.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and SCARIANO, JJ., concur.