LASSER, J.T.C.
This case involves the New Jersey estate tax, a tax imposed in addition to the transfer inheritance tax, on the estates of resident decedents where the State inheritance taxes paid are not sufficient to fully absorb the federal state death tax credit (federal credit) allowed under § 2011 of the Internal Revenue Code (IRC). The federal credit reduces the federal estate tax by a percentage of the adjusted taxable estate upon proof of payment of state death taxes to any state or the District of Columbia in an amount equal to the allowed percentage.
At issue is the determination of New Jersey estate tax liability where the executor has elected to pay a portion of the federal estate tax in installments, with interest, pursuant to an IRC § 6166 election (the § 6166 election). Deduction of installment *245 interest payments on the federal estate tax return will reduce the federal credit.
Malcolm S. Forbes, Jr., Executor of the Estate of Malcolm S. Forbes (the Estate), seeks (1) to reduce the New Jersey estate tax assessment made by the Director, (2) to set aside the final determination of the Director denying claims of the Estate for refund of New Jersey estate taxes paid, and (3) declaratory relief with regard to the Estate’s right to future New Jersey estate tax refunds based on future reductions in the federal credit.
Under the § 6166 election, the Estate may pay that portion of the federal estate tax attributable to decedent’s interest in a closely held business by paying interest only for a period of four years and principal and interest payments for a period of 10 years, until the federal estate tax attributable to this asset is fully paid. As installment interest payments are made, they may be deducted on the federal estate tax return resulting in reduction of the federal estate tax and, to the extent that the federal estate tax is thereby reduced, the credit for New Jersey estate tax provided for in IRC § 2011 is also reduced. The payment of interest pursuant to the § 6166 election is deductible under IRC § 2053 in calculating the taxable estate of a decedent. See Bahr Estate v. Commissioner, 68 T.C. 74, 1977 WL 3655 (1977), acq., 1978-2 C.B. 1, acq. 1978-1 C.B. 1; Rev.Proc. 81-27, 1981-1 C.B. 548.
On October 28, 1992, the Estate paid to New Jersey an amount which, when added to the transfer inheritance tax paid, equalled the then allowable federal credit as reduced by a 1991 installment interest payment made pursuant to § 6166. Director, on November 9, 1992, issued a final determination letter assessing the Estate an additional New Jersey estate tax based on the federal credit before deduction of the 1991 § 6166 interest payment. Director now concedes that the Estate is entitled to a refund resulting from the recalculation of the federal estate tax and the consequent reduction of the federal credit occurring within three years of the original payment of the New Jersey estate tax. However, Director contends that the statute of limitations bars refund claims based on reductions in the federal credit occurring *246 after three years from the date of payment of the New Jersey estate tax. N.J.S.A. 54:38-3. The issue in this case is thus limited to whether the three-year limitations period within which to claim a refund under N.J.S.A. 54:38-3 bars a protective claim made within the three-year period for refunds which accrue after three years from the date of the payment of the New Jersey estate tax. This issue was submitted to the Court on briefs and oral argument pursuant to R. 8:8-1.
The following are the stipulated facts. Malcolm S. Forbes died on February 24, 1990, a resident of Bedminster Township, Somerset County, New Jersey.. The Estate timely filed its federal and New Jersey inheritance and estate tax returns. The federal estate tax return contained an election under IRC § 6166 to pay a portion of the federal estate tax due in installments with interest. If the § 6166 election remains in effect for the full 14 years, the Estate will make interest payments on or about November 24th of each year through 1994, and principal and interest payments on or about November 24th of each year from 1995 to 2004. Each year that the § 6166 election is in effect, the IRS will send the Estate a statement setting forth the amount of the federal estate tax installment due. The statement will set forth the amount of interest and principal. The interest figure will depend primarily on the interest rate for short-term federal obligations during the year prior to the payment. The interest rate will be three percentage points greater than the federal short term rate determined under IRC § 1274(d). After each payment is made, the IRS will recalculate the federal estate tax liability reflecting the fact that interest is allowed as a deductible administration expense of the Estate, thus reducing the taxable estate and the federal credit. The § 6166 election will not remain in effect for 14 years if the Estate chooses to prepay future installments or if the Estate defaults in a payment causing the entire balance to become due and payable. The federal credit will not be reduced if the Estate elects to deduct § 6166 installment interest payments on the Estate income tax return instead of the estate tax return.
*247 The Estate’s first interest payment was made on November 24, 1991. A second interest payment was made in November 1992. A third payment of interest was made in November 1993. These payments resulted in reductions in the federal estate tax and the federal credit. On May 26, 1993, the Estate filed a claim for refund of New Jersey estate tax as a result of the reduction in the federal credit by reason of the November 1992 interest payment. Included in this refund application is a request for a New Jersey estate tax refund equal in amount to each future reduction in the federal credit, as calculated by the Internal Revenue Service (IRS), that will occur if the § 6166 election remains in effect and the Estate makes the payments required thereunder. The Executor states that the Estate intends to maintain the § 6166 election and to continue making annual payments on November 24th of each year through 2004. If the § 6166 election remains in effect and the Estate makes the anticipated payments thereunder, deducting them on the federal estate tax return, the annual interest payments will continue to annually reduce the taxable estate for federal estate tax purposes and reduce the federal credit.
I
Estate contends that the New Jersey estate tax is limited to the federal credit as finally determined by the IRS; that the federal credit decreases as the federal estate decreases due to interest deductions over the 14 years following the death of the decedent and that the New Jersey estate tax must, as a consequence, be reduced as the federal credit declines.
Director contends that there is no provision in the statute or regulations for continuous refunds over the 14 year period, as § 6166 interest is paid, and that the three-year statute of limitations contained in N.J.S.A, 54:38-3 bars any refund claim made after October 28, 1995. Director argues that after three years, the amount of the tax should be fixed and the State should be able to rely on this revenue. The purpose of limitation periods in tax statutes, Director argues, is to provide certainty of tax collections. Director contends that it is impossible to predict the amount of the *248 tax because future interest rates will vary and the estate may prepay installments or deduct the interest on the estate income tax return instead of the federal estate tax return resulting in no reduction in the federal credit.
Director argues that refund claims must be based on actual occurrences, not possible future occurrences. Director gives as an example IRC § 2054 which permits casualty losses to be deducted from the federal estate tax return subsequent to the filing of the return. Director contends that if an executor files a refund claim contending that it may be possible that a tangible asset of the estate might be destroyed in the future, such a protective refund claim would not be allowed. The Director takes the position that protective refund applications will be allowed only if all events have occurred and the application is filed within three years after the original payment of tax. Director also notes that the estate made no effort to extend the time to pay the New Jersey estate tax.
II
New Jersey imposes two forms of death taxes: a transfer inheritance tax, N.J.S.A. 54:33-1 to 54:38-8, and an estate tax, N.J.S.A. 54:38-1 to 16. The New Jersey transfer inheritance tax is imposed on the market value of property transferred. N.J.S.A 54:34-5. The New Jersey estate tax is in addition to the transfer inheritance tax and is imposed on every resident decedent who is subject to the federal estate tax. The New Jersey estate tax has become more significant due to the elimination of surviving spouse (as of January 1, 1985) and children (as of July 1, 1988) from taxation under the transfer inheritance tax. N.J.S.A. 54:34-2(a) as amended by L.1985 c. 57. The amount of the New Jersey estate tax is the sum by which----
the maximum credit allowable against any federal estate tax payable to the United States ... on account of taxes paid to any state or territory of the United States ... shall exceed the aggregate amount of all estate, inheritance, succession or legacy taxes actually paid to any state or territory of the United States ... *249 including inheritance, succession or legacy taxes actually paid this state____
[N.J.S.A 54:38-1.]
N.J.S.A 54:38-13 explains that
[i]t is the intent and purpose of this chapter to obtain for this state the benefit of the credit allowed under the provisions ... of the federal revenue act [§ 2011]...: The provisions of this chapter shall be interpreted and construed liberally in order to accomplish the purpose thereof____
N.J.S.A 54:38-9 provides that if there is a change in the federal estate tax credit, “the tax imposed hereby shall be so assessed as will be necessary to absorb the full amount of such changed credit.”
N.J.S.A 54:38-2 provides that if there is a subsequent determination increasing the federal estate tax, then an additional estate tax shall be due. N.J.S.A 54:38-3 (section 3) provides that if the federal estate tax is decreased the estate tax shall be reduced upon satisfactory proof submitted to the Director. If the tax due has been paid, the excess amount shall be refunded. Section 3 also provides that applications for refund of taxes claimed to have been excessively or erroneously paid must be filed within three years from the date of payment. Apparently the State can seek an increase of estate tax at any time. However, Director contends that a taxpayer electing § 6166 installment treatment may not obtain an equivalent reduction after three years even if a timely claim for refund is filed.
The federal credit provides an estate with a dollar-for-dollar reduction in its federal estate tax liability for inheritance and estate taxes paid to states. The New Jersey estate tax is intended only to “soak up” the unused federal credit for which an estate receives a corresponding federal estate tax reduction. The taxpayer thus pays no additional tax. The State adds to its revenue solely at the expense of the federal government. The amount of the New Jersey estate tax is dependent on the federal credit.
There is no question but that the purpose of the estate tax is to assure that the total of the death taxes imposed by New Jersey is large enough to absorb the full federal credit, without increasing the tax liability to the estate. If the Director’s position is correct, the Estate will be required to pay New Jersey estate *250 and inheritance taxes in excess of the federal credit ultimately allowed. The question is, which governs the amount of New Jersey estate tax, the federal credit ultimately allowed, or only the federal credit allowed during the three-year period following the death of the decedent?
The amount of the New Jersey estate tax is the maximum credit allowable against any federal estate tax. The legislative intent, as indicated in N.J.S.A. 54:38-13, is to liberally construe the statute to obtain for the State the benefit of the “credit allowed” under the IRC. The statute does not indicate any intent to impose an estate tax in excess of the federal credit. Therefore, implicit in the New Jersey estate tax is the incorporation of the provisions of the federal estate tax including exemptions and deductions and in particular § 6166.
The Estate has filed a refund claim within the three-year period based on its § 6166 election and its intent to continue to pay the federal estate tax in installments. Director’s contention that claims for refund must be limited to liquidated claims not dependent on future events is misplaced. This contention is based on the need for certainty of revenue collections. The Estate filed the protective claim for refund because they had made the § 6166 election and anticipated that the tax would be excessive. This claim put the State on notice that there had been and would be further reductions in the federal credit. The State could have estimated the maximum credit to which taxpayer could become entitled based on an interest rate of six percent as the State does in the valuation of life estates pursuant to N.J.S.A 54:36-2.
Refund claims are frequently filed dependent on future events such as the result of future federal audits or the results of litigation.[1] Unlike Director’s protective refund example based on *251 a possible future casualty loss deduction, the subject claim for refund is not based on a possible § 6166 election, but an actual election which gives the Estate the right to pay federal tax in installments.
There are numerous examples of protective refund claims in New Jersey. Cases which include protective refund claims are: Futurevision Cable Enters. v. Taxation Div. Director, 6 N.J.Tax 149, 155-56 (Tax Ct.1983); Tuition Plan of New Hampshire v. Taxation Div. Director, 4 N.J.Tax. 470, 483-84 (Tax Ct.1982); CIT Fin. Services, Etc. v. Taxation Div. Director, 4 N. J.Tax 568, 579 (Tax Ct.1982). Decisions in other states have permitted refunds of estate taxes based on a recalculated federal credit even where the claim for refund has not been filed within the statutory period. See Estate of Allyn v. Illinois, 139 Ill.App.3d 38, 93 Ill.Dec. 584, 487 N.E.2d 28 (1985) (statute of limitations tolled for purpose of recomputing Illinois estate tax during period of federal litigation); Henley v. Boswell, 55 Ala.App. 414, 316 So.2d 342 (1975) (limiting refund to three-year statute of limitations would result in estate paying more to Alabama than federal credit).
Director suggests that the Estate could have asked for an extension of time in which to pay the estate tax or withheld payment of tax until the final § 6166 payment when it would know the federal credit as finally determined and be able to pay the exact amount of the New Jersey estate tax. Director also suggests that the taxpayer might have estimated what the proper estate tax would be, assuming that § 6166 installment interest payments were made until the year 2004. A more practical approach. is to require payment of estate tax and then allow refunds on proof of change of federal credit. This would immediately put the tax revenue in the hands of the State and would not subject the Estate to substantial interest payments. However, the possible existence of these alternatives does not preclude the Estate from paying the New Jersey estate tax based on the federal credit at the time of payment as required under the statute and filing a protective refund claim to adjust for subsequent reductions in the federal credit.
*252 I conclude that it is the intention of the legislature to limit the New Jersey estate tax to the amount of the federal credit and therefore by implication to include the terms governing the calculation of the federal credit including the § 6166 election and the § 2053 interest deduction, that the estate properly filed a protective refund claim within the three-year limitation period and that upon timely proof of changes in the federal credit, the Estate is entitled to refund of New Jersey estate tax payments to the extent that New Jersey death taxes exceed the federal credit.
Judgment will be entered providing for refund of excess New Jersey estate tax upon satisfactory proof submitted to the Director, Division of Taxation, if the federal estate tax shall be decreased and the federal credit correspondingly reduced by reason of a redetermination due to deduction on the federal estate tax return of installment interest payments made pursuant to the election of the Estate to pay federal estate tax in installments under IRC § 6166.

 There are other reasons why the federal credit may be reduced at a time beyond the three-year refund statute. For instance, protracted litigation may result in a reduction in federal estate tax as would an increase in the New Jersey transfer inheritance tax more than three years after payment of the New Jersey estate tax.