

**TAX COURT OF NEW JERSEY**

**JOSHUA D. NOVIN**
Judge

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

**NOT FOR PUBLICATION WITHOUT THE APPROVAL
OF THE TAX COURT COMMITTEE ON OPINIONS**

September 13, 2024

Mr. and Mrs. Tyler DePina
1 Shore Lane, Unit 1112
Jersey City, New Jerey 07310

Deputy Attorney General Timothy M. Kawira
Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey 08625

   Re: <u>Tyler DePina and Dina DePina v. Dir., Div. of Taxation</u>
     Docket No. 010254-2023

Dear Mr. and Mrs. DePina and Deputy Attorney General Kawira:

This shall constitute the court's opinion on the Director, Division of Taxation's (the "Director"), motion for summary judgment. At issue is the timeliness of Tyler and Dina DePina's ("plaintiff") refund claim of the New Jersey Mansion Tax, under N.J.S.A. 46:15-7.2c.

For the reasons more particularly set forth below, the court grants the Director's motion for summary judgment and dismisses plaintiff's complaint with prejudice.

## I. Procedural History and Factual Findings

In accordance with <u>R.</u> 1:7-4(a), the court makes the following factual findings based on the pleadings and submissions of the parties.

On or about December 7, 2018, plaintiff's purchased the single-family residential condominium known as Unit 1112 at 1 Shore Lane, Jersey City, Hudson County New Jersey (the "subject property"), from Hui-Ming Chou a/k/a Hui Ming Chou and Nien-Sheng Chou (the






"seller"), for consideration of One Million Seventy Thousand ($1,070,000.00) Dollars.[1] The subject property comprises a residential condominium unit in The Shore Phase II Condominium, also known as the Shore North (the "Condominium"), a luxury residential condominium complex in Jersey City, New Jersey.

On January 4, 2019, the subject property's Unit Deed was recorded in Book 9370, Page 408 of the Hudson County Register of Deeds' office (the "Unit Deed"). Attached to the Unit Deed is an Affidavit of Consideration for Use by Buyer, RTF-1EE, signed by plaintiff, certifying that the subject property was "Class 2 – Residential," and that the consideration paid to seller was $1,070,000.00.[2] Accordingly, a Mansion Tax (as such term is defined herein) of one percent (1%) of the subject property's purchase price, or $10,700.00, was collected from plaintiff and paid to the Hudson County Register of Deeds Office in connection with the recording of the Unit Deed.

On or about August 28, 2020, a complaint was filed in the Superior Court of New Jersey, Hudson County, Law Division, on behalf of the Condominium unit owners against its developer, the developer's representatives, and/or agents (the "Complaint"). The Complaint alleged that the developer distributed "false and misleading advertising and related sales and marketing materials and [made] untrue statements as to the size and square footage of each of . . . [the] condominium units." The Complaint asserted that "the square footage advertised and stated . . . was not consistent with the description of the units in the Public Offering Statements and Master Deeds" (the "Litigation"). The Complaint sought treble damages under the New Jersey Consumer Fraud

---

[1] The Unit Deed (as defined herein) reflects that plaintiff's purchased an 80% interest in the subject property, and Mohamed Murad Mekawi purchased a 20% interest in the subject property.

[2] "[I]f a transfer includes property otherwise subject to subsection a. of [N.J.S.A. 46:15-7] . . . , then an affidavit of consideration shall be filed by one or more of the grantee parties named in the deed or by the grantee's legal representative declaring the consideration and shall be annexed to and recorded with the deed as a prerequisite for the recording of the deed." N.J.S.A. 46:15-7.2d(2).






Act, N.J.S.A. 56:8-1 et seq., and "[c]ompensatory damages measured by the loss in value of each unit as a result of the diminished size of the units."

In or about September 2022, plaintiff received approximately One Hundred Fifty-Six Thousand Nine Hundred and Forty-Two and 35/100 ($156,942.35) Dollars, in settlement of all claims related to the Litigation.

On February 24, 2023, plaintiff submitted a Claim for Refund – Realty Transfer Fee, RTF-3. Plaintiff's asserted that because of the Litigation settlement, the consideration paid under the Unit Deed for the subject property should have been reflected as Nine Hundred Thirteen Thousand and Fifty-Seven and 55/100 ($913,057.55) Dollars.[3]

On September 12, 2023, the Director issued a determination letter denying plaintiff's claim for a refund of the Mansion Tax ("Timeliness Determination letter"). Referencing Chapter 33, P.L. 2006 (codified as N.J.S.A. 46:15-7.2), the Timeliness Determination letter stated that "a taxpayer may file a claim under oath for refund at any time within 90 days after the payment of any original fee. Your refund claim is dated February 23, 2023. Therefore, the time allowed by statute to file for this refund has expired and the claim has been denied for late filing." The Timeliness Determination letter further advised plaintiff that they "have the right to appeal this decision to the Tax Court of New Jersey within 90 days after the date of the action sought to be reviewed."

On November 28, 2023, plaintiff filed a complaint in the Tax Court challenging the Director's Timeliness Determination letter. Plaintiff's complaint asserts that "[w]e had no way of

---

[3] Plaintiff's computed the $913,057.55 by taking the subject property's $1,070,000 purchase price and deducting the $156,942.35 settlement proceeds from the litigation. However, plaintiff's computation was apparently off by $0.10.





asking for a [M]ansion [T]ax refund within the allowed time period . . . we were subject to fraud and had no way of knowing that our unit was not advertised with the correct square footage . . . [until] the lawsuit against the developer was settled."

On August 13, 2024, the Director filed the instant motion for summary judgment. The Director emphasizes that the material facts are undisputed: (i) on January 4, 2019, the subject property's Unit Deed was recorded and the Mansion Tax paid; and (ii) plaintiff's Mansion Tax refund claim was submitted on February 23, 2023. The Director highlights that N.J.S.A. 46:15-7.2c, "established a 90-day period [after payment of any original fee] during which a taxpayer can apply for a refund of realty transfer fees paid." The Director argues that plaintiff's Mansion Tax refund claim was filed more than three (3) years and ten (10) months after the applicable limitations period had expired. Thus, "plaintiff did not timely file a claim for refund" with the Director, and summary judgment should be granted dismissing plaintiff's complaint with prejudice.

In response, plaintiff asserts that despite the clear and unambiguous language of the statute, plaintiff's Mansion Tax refund claim, while admittedly filed more than ninety (90) days after recording the Unit Deed and payment of the fee, was unable to be timely filed because the Litigation had yet to be resolved. Thus, plaintiff asks the court to extend the limitations period for the filing of their Mansion Tax refund claim.

## II. **Conclusions of Law**

### A. Summary judgment standard

Summary judgment "'serve[s] two competing jurisprudential philosophies': first, 'the desire to afford every litigant who has a *bona fide* cause of action or defense the opportunity to fully expose his case,' and second, to guard 'against groundless claims and frivolous defenses,' thus saving the resources of the parties and the court." Globe Motor Co. v. Igdalev, 225 N.J. 469,






479 (2016) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 541-42 (1995) (emphasis

in original)).

Rule 4:46-2 outlines the circumstances under which summary judgment should be granted:

> if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.

> [R. 4:46-2.]

In Brill, our Supreme Court adopted the federal approach to resolving motions for summary

judgment, in which the "essence of the inquiry [is] whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." 142 N.J. at 536 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 251-52 (1986)).  In conducting this inquiry, the trial court must engage in a "kind of weighing

that involves a type of evaluation, analysis and sifting of evidential materials."  Ibid.  The standard

established by our Supreme Court in Brill is as follows:

> [W]hen deciding a motion for summary judgment under R. 4:46-2, the determination of whether there exists a genuine issue with respect to a material fact challenged requires the motion judge to consider whether the competent evidential material presented, when viewed in the light most favorable to the non-moving party in consideration of the most applicable evidentiary standard, are sufficient to permit a rational fact finder to resolve the alleged disputed issue in favor of the non-moving party.

> [Id. at 536.]

In considering all the material evidence before it with which to determine if there is a

genuine issue of material fact, the court must view most favorably those items presented to it by

the party opposing the motion and all doubts are to be resolved against the movant.  Ruvolo v.






American Casualty Co., 39 N.J. 490, 491 (1963). A court charged with "deciding a summary judgment motion does not draw inferences from the factual record as does the factfinder in a trial, . . . [i]nstead, the motion court draws all legitimate inferences from the facts in favor of the non-moving party." Globe Motor Co., 225 N.J. at 480 (internal citations omitted). Thus, the moving party bears the burden "to exclude any reasonable doubt as to the existence of any genuine issue of material fact" with respect to the claims being asserted. United Advertising Corp. v. Borough of Metuchen, 35 N.J. 193, 196 (1961).

"By its plain language, R. 4:46-2 dictates that a court should deny a summary judgment motion only where a party opposing the motion has come forward with evidence that creates a 'genuine issue as to any material fact challenged.'" Brill, 142 N.J. at 529. However, when the party opposing the motion merely presents "facts which are immaterial or of an insubstantial nature, a mere scintilla, fanciful, frivolous, gauzy or merely suspicious," then an otherwise meritorious application for summary judgment should not be defeated. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 75 (1954). Hence, "when the evidence is so one-sided that one party must prevail as a matter of law . . . the trial court should not hesitate to grant summary judgment." Brill, 142 N.J. at 540 (quoting Liberty Lobby, Inc., 477 U.S. at 252).

Applying the foregoing standards to the Director's motion for summary judgment and having reviewed the certifications and exhibits submitted in support of, and in opposition thereto, the court finds that no genuine issues of material fact exist. The instant matter involves application of the law, accordingly, resolution by summary judgment is appropriate.

B.     New Jersey Mansion Tax

In New Jersey, a fee is imposed on all non-exempt transfers of real property as a prerequisite to recording the deed with the county recording officer. See N.J.S.A. 46:15-1 to -18.






The fee is measured by the total consideration paid for the real property being conveyed. In general, the fee is imposed upon the grantor. N.J.S.A. 46:15-7a.

However, "in addition to all other fees imposed under . . . N.J.S.A. 46:15-5," a fee is imposed on the grantee for the transfer of certain real property when the consideration exceeds $1,000,000, commonly referred to as the "Mansion Tax." N.J.S.A. 46:15-7.2a. Specifically, N.J.S.A. 46:15-7.2a provides, in part, that:

> there is imposed a fee upon the grantee of a deed for the transfer of real property:
>
> (1) that is classified pursuant to the requirements of N.J.A.C.18:12-2.2 as Class 2 "residential";
>
> . . .
>
> that is transferred for consideration in excess of $1,000,000 recited in the deed, which fee shall be an amount equal to 1 percent of the entire amount of such consideration, which fee shall be collected by the county recording officer at the time the deed is offered for recording and remitted to the State Treasurer. . . .
>
> [N.J.S.A. 46:15-7.2a.]

Although the obligation imposed under N.J.S.A. 46:15-7.2a is referred to as a "fee," it is expressly subject to the provisions of the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 to -7, and our courts have "considered [it] to be a State tax." Terrell v. Dir., Div. of Taxation, 22 N.J. Tax 297, 300 (Tax 2005). The statute requires the county recording officer to remit "[t]he State portion of the basic fee, the additional fee [imposed under N.J.S.A. 46:15-7.2a], and the general[-]purpose fee . . . to the State Treasurer for use of the State . . . on the tenth day of each month following the month of collection." N.J.S.A. 46:15-8b(2).

Notably, the Mansion Tax statute provides that the four-year limitations period traditionally afforded for filing a refund claim of a tax paid, under N.J.S.A. 54:49-14a, is not






applicable to the Mansion Tax. Rather, to seek a refund of Mansion Taxes paid, the taxpayer must "file a claim under oath for refund at any time within 90 days after the payment of any original fee. . . ." N.J.S.A. 46:15-7.2c.

### C. Jurisdiction

The Tax Court is a "court of limited jurisdiction." McMahon v. City of Newark, 195 N.J. 526, 542-543 (2008). The court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dept. v. Twp. of Carney's Point, 212 N.J. 493, 505 (2013). The statutory jurisdiction conferred on this court is expressed, in part, as the authority "to review actions or regulations with respect to a tax matter of . . . [a] county Board. . . ." N.J.S.A. 2B:13-2. Moreover, R. 8:2(a) provides that: "[t]he Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment . . . [of] the Director of the Division of Taxation . . . or any country or municipal official with respect to a tax matter (including the realty transfer fee)." R. 8:2(a). Under, R. 8:4-2(b), a complaint "seeking to review actions of the Director of the Division of Taxation . . . shall be filed within 90 days after the date of the action to be reviewed." R. 8:4-2(b).

Here, on September 12, 2023, the Director issued its Timeliness Determination letter. On November 28, 2023, approximately seventy-seven (77) days later, plaintiff filed their complaint. Thus, it is undisputed that plaintiff's timely challenged the Director's Timeliness Determination letter thereby vesting the Tax Court with jurisdiction in this matter. Rather, the narrow issue facing the court is whether plaintiff's underlying Mansion Tax refund claim was timely.

It is well-settled that, "the Director's expertise in the highly specialized and technical area of taxation . . . is entitled to great respect by the courts. Moreover, the agency's interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable." Quest






Diagnostics, Inc. v. Dir., Div. of Taxation, 387 N.J. Super. 104 (App. Div. 2006), cert. denied, 188 N.J. 577 (2006) (citing Metromedia, Inc. v. Dir., Div. of Taxation, 97 N.J. 313, 327 (1984). However, the courts "deference" for the Director's decisions is not absolute, "as the courts remain the 'final authorities' on the issues of statutory construction and are not obliged to 'stamp' their approval of the administrative interpretation.'" Koch v. Dir., Div. of Taxation, 157 N.J. 1, 15 (1999) (citing New Jersey Guild of Hearing Aid Dispensers v. Long, 75 N.J. 544, 575 (1978)).

To claim a refund a taxpayer must adhere to the statutory requirements and accepted governmental regulations. "Refund moneys are available to be claimed by a taxpayer . . . according to well-defined procedures. An otherwise eligible taxpayer or vendor who does not comply with the established procedures waives his entitlement to any refund." Commercial Refrigeration & Fixture Co., Inc. v. Dir., Div. of Taxation, 2 N.J. Tax 415, 419 (Tax 1981). Similarly, a taxpayer who elects not to observe the established administrative guidelines and protocols will be barred from its claim for a refund. "Limitation periods for claims for refunds are common administrative provisions found in tax legislation and justified by the need for predictability of revenues by public agencies." William McCullough Transp. Co. v. Div. of Motor Vehicles, Bureau of Motor Carriers, 113 N.J. Super. 353, 360 (App. Div. 1971) (quoting Wm. Eisenberg & Sons, Inc. v. Martin, 120 N.J.L. 348 (Sup. Ct. 1938)). "Thus, filing a refund claim just one day late, even when the claim was mailed to the Director several days prior to the filing deadline, justifies its rejection as untimely." Estate of Ehringer v. Dir., Div. of Taxation, 24 N.J. Tax 599, 611 (Tax 2009) (citing Lenox, Inc. v. Dir., Div. of Taxation, 19 N.J. Tax 437 (Tax 2001)).

Plaintiff contends that, while the refund request was admittedly filed more than ninety (90) days after the Unit Deed was recorded and the Mansion Tax paid, the refund request was unable to be timely filed because the Litigation had not been resolved.






The Mansion Tax's statutory scheme makes no distinction for the filing a refund claim arising from an alleged fraud or misrepresentation based on the square footage of a property, or for any other reasons. The statute plainly and explicitly provides a singular remedy that, "a taxpayer may file a claim under oath for refund at any time within 90 days after the payment of any original fee." Ibid. This includes all refund claims, whether they are based on an alleged fraud or misrepresentation of the property's square footage, or a mathematical miscalculation of the fee. Accordingly, the court finds that the ninety (90) day deadline for filing a Mansion Tax refund claim, under N.J.S.A. 46:15-7.2c, is applicable to plaintiff.

Importantly, contrary to plaintiff's assertions, a timely remedy was available to plaintiff to preserve their right to a Mansion Tax refund, the filing of a protective refund claim with the Director. Filing a protective refund claim within the applicable limitations period affords a taxpayer the right to assert a claim for a refund when the refund amount can be finally determined, which may not arise until after the limitations period has expired. "A protective refund claim puts the Director on notice within the statutory refund claim period that likely future events will entitle the taxpayer to a refund in an amount that can be determined with certainty only after expiration of the limitations period." Estate of Ehringer v. Dir., Div. of Taxation, 24 N.J Tax 599, 614 (Tax 2009). As succinctly explained by Judge Lasser, protective "[r]efund claims are frequently filed dependent on future events such as the result of future federal audits or the results of litigation." Forbes v. Dir., Div. of Taxation, 14 N.J. Tax 257, 264 (Tax 1994).

Here, the statute clearly and unambiguously provides that a "taxpayer may file a claim under oath for refund [of the Mansion Tax] at any time within 90 days after the payment of any original fee. . . ." N.J.S.A. 46:15-7.2c. Plaintiff paid the original fee on January 4, 2019, the date that the Unit Deed was recorded. Thus, for plaintiff's refund claim to have been timely, it must






have been filed by April 4, 2019. Instead, plaintiff's refund claim was not filed until February 23, 2023, more than three years and ten months following the Unit Deed recording and payment of the Mansion Tax.

In New Jersey, "statutes of limitations applicable to the filing of claims for tax refunds are to be strictly construed." M.J. Ocean, Inc. v. Dir., Div. of Taxation, 23 N.J. Tax 646 (2009). As our Supreme Court noted in F.M.C. Stores Co. v. Morris Plains Borough, 100 N.J. 418, 424-425 (1985), "[a] strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government." This guiding principle is deeply rooted in public policy. "Public policy discourages suits for the refund of taxes erroneously paid or illegally collected. It is a well-established principle that statutes of limitation applicable to suits against the government are conditions attached to the sovereign's consent to be sued and must be strictly construed." H.B. Acquisitions, Inc. v. Dir., Div. of Taxation, 12 N.J. Tax 60, 65 (Tax 1991). Thus, the court's fastidious observance of the time periods afforded under the applicable statutes of limitations is necessary to "provide finality and predictability of revenue to state and local government." Bonanno v. Dir., Div. of Taxation, 12 N.J. Tax 552, 556 (Tax 1992) (citing Pantasote, Inc. v. Dir., Div. of Taxation, 8 N.J. Tax 160, 164-166 (Tax 1985)).

Plaintiff failed to timely submit a protective Mansion Tax refund claim or Mansion Tax refund claim within the applicable ninety-day limitations period, under N.J.S.A. 46:15-7.2c. The court finds no legal or equitable basis to extend the limitations period applicable to plaintiff's Mansion Tax refund claim.






### III. Conclusion

Accordingly, for the above stated reasons, the court grants defendant's motion for summary judgment and dismisses plaintiff's complaint with prejudice.

Very truly yours,


Hon. Joshua D. Novin, J.T.C.

